**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND**, State Police Department, **STEVEN M. PARE**, individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT STATE OF RHODE ISLAND**

Now comes the Plaintiffs, pursuant to Fed.R.Civ.P. 37(a)(2) and Local Rule 13, and hereby move this Honorable Court for an order compelling Defendant State of Rhode Island ("State") to provide more responsive answers to document request 2.

Plaintiffs submit that Defendant State's response to the request enumerated above is inadequate for the reasons discussed below and thus Defendant State should be compelled to provide the documentation sought.

**Request No. 2:** Produce a copy of any and all documents describing or embodying any policy, procedure, guidelines or custom relative to selecting, training, instructing, and supervising troopers in the Department regarding investigatory stops, search, seizure and arrests as well as use of force

in existence as of the date of the incident as well as any and all changes and/or amendments made subsequent thereto.

**<u>Defendant's Response</u>:** Objection. The request is overly broad, unduly burdensome, vague and not likely to lead to discovery of admissible evidence at trial. This request also seeks documents that are protected by the law enforcement privilege. Without waiving said objection, Defendant State produces a copy of General Order-1A, General Order- 5A and General Order- 56A8 in Response to #2.

**<u>Information Sought</u>:** The Rhode Island Rules of Evidence, the Federal Rules of Evidence and case law, e.g., <u>Association for Reduction of Violence v. Hall,</u> 734 F.2d 63 (1st Cir. 1984) do not support Defendant's position as to the applicability of the law enforcement privilege to this request. Moreover, the request is not vague, overly broad or burdensome. Accordingly, Defendant should be ordered to produce the documentation sought.

WHEREFORE, the Plaintiffs respectfully pray that their Motion to Compel be granted and that Defendant State be ordered to provide the documentation sought within fourteen (14) days of the hearing.

PLAINTIFFS,
By their Attorneys,

Dated: April 3, 2007

<u>/s/ V. Edward Formisano</u>
**American Civil Liberties Union,**
**Rhode Island Affiliate**
V. Edward Formisano (#5512)
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**ATTORNEY CERTIFICATION**

The undersigned certifies that he has in good faith conferred with Defendants' counsel regarding the failure of same to respond to discovery requests in an effort to secure the requested information prior to seeking court action.

/s/ V. Edward Formisano
V. Edward Formisano

**CERTIFICATION**

I hereby certify that on the 3rd day of April, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano