UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRID G. ESTRADA, WENDY M. ESTRADA :
GUILFREDO E. MUNOZ, JOES A. AQUINO, :
CRUZ F. RIVERA, CARLOS E. TAMUP, :
JOSE BURGOS, ABELINO M. URIZAR, :
ISRAEL TEBALAN, ROLANDO NORIEGA, :
BORIS R. CRUZ and ELSA HERNANDEZ :
VILA VICENCIO :
:
V. : C.A. No.: 07-10ML
:
STATE OF RHODE ISLAND, State Police :
Department, STEVEN M. PARÉ, individually :
and in his official capacity as Superintendent of :
the Rhode Island State Police, THOMAS CHABOT,:
individually and in his official capacity as a :
state trooper employed by the State of Rhode Island,:
JANE DOE, individually and in her official capacity:
as a state trooper employed by the State of :
Rhode Island :

**AMENDED ANSWER**

Now come the State of Rhode Island, State Police Department, Steven M. Parè, individually, and in his office capacity as Superintendent of the Rhode Island State Police, Thomas Chabot, individually and in his official capacity as a State Trooper employed by he State of Rhode Island (hereinafter “These Defendants”) and file this, their Amended Answer, as follows:

**I. Introduction**

The Introduction states a legal conclusion to which no response in necessary, but to the extent it alleges facts, it is denied.

**II. Parties**

1. These Defendants do not have sufficient information or belief to respond to Paragraph 1 of Plaintiffs’ Complaint and, therefore, on that basis, denies it.

2. These Defendants do not have sufficient information or belief to respond to Paragraph 2 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

3. These Defendants do not have sufficient information or belief to respond to Paragraph 3 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

4. These Defendants do not have sufficient information or belief to respond to Paragraph 4 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

5. These Defendants do not have sufficient information or belief to respond to Paragraph 5 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

6. These Defendants do not have sufficient information or belief to respond to Paragraph 6 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

7. These Defendants do not have sufficient information or belief to respond to Paragraph 7 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

8. These Defendants do not have sufficient information or belief to respond to Paragraph 8 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

9. These Defendants do not have sufficient information or belief to respond to Paragraph 9 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

10. These Defendants do not have sufficient information or belief to respond to Paragraph 10 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

11. These Defendants do not have sufficient information or belief to respond to Paragraph 11 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

12. These Defendants do not have sufficient information or belief to respond to Paragraph 12 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

13. These Defendants do not have sufficient information or belief to respond to Paragraph 13 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

14. These Defendants admit that the State of Rhode Island is a sovereign State of the United States of America. These Defendants admit that the Rhode Island State Police is a department within the executive branch of the State government. These Defendants deny that the State has waived its sovereign immunity. The remainder of Paragraph 14 states a legal conclusion to which no response is necessary, to the extent it alleges facts, it is denied.

15. These Defendants admit that Defendant Steven M. Parè was the Superintendent of the Rhode Island State Police on July 11, 2006. These Defendants state that the first sentence of Paragraph 15 states a legal conclusion to which no response is necessary. These Defendants deny sentence 2 of Paragraph 15 of Plaintiff's Complaint.

16. These Defendants admit that Defendant Thomas Chabot is a member of the Rhode Island State Police. The remainder of Paragraph 16 states a legal conclusion to which no response is necessary.

17. These Defendants do not have sufficient information or belief to respond to Paragraph 17 of Plaintiffs' Complaint and on that basis, denies it.

## III. Jurisdiction

18. Paragraph 18 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, but to the extent it alleges facts, it is denied.

## IV. Venue

19. Paragraph 19 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, but to the extent it alleges facts, it is denied.

## V. Material Facts

20. These Defendants leave Plaintiffs to their burden of proof.

21. These Defendants admit that on July 11, 2006 a gray passenger van was traveling on Route 95 in Richmond, Rhode Island. These Defendants admit that Plaintiff Tamup was the operator of the passenger van. To the extent Paragraph 21 of Plaintiffs' Complaint alleges other facts, these Defendants leave Plaintiffs to their burden of proof.

22. These Defendants deny Paragraph 22 of Plaintiffs' Complaint.

23. These Defendants admit that Plaintiff Tamup pulled his vehicle to the side of the road and stopped. To the extent Paragraph 23 of Plaintiffs' Complaint alleges other facts, these Defendants leave them to their burden of proof.

24. These Defendants admit Paragraph 24 of Plaintiffs' Complaint.

25. These Defendants admit that Defendant Trooper Chabot did ask the driver of the van for his license and the vehicle's registration. To the extent Paragraph 25 of Plaintiffs' Complaint alleges other facts, these Defendants leave them to their burden of proof.

26. These Defendants deny Paragraph 26 of Plaintiffs' Complaint.

27. These Defendants admit that when Trooper Chabot returned to his cruiser he checked and learned that Plaintiff Tamup was negative for NCIC and local files and his license was active. To the extent Paragraph 27 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

28. These Defendants admit that Defendant Trooper Chabot did at some point return to Plaintiffs' vehicle. To the extent it alleges other facts, it is denied.

29. These Defendants deny Paragraph 29 of Plaintiffs' Complaint.

30. These Defendants deny Paragraph 30 of Plaintiffs' Complaint.

31. These Defendants admit that Trooper Chabot did at one point ask Plaintiff Tamup if any of the passengers had Immigration credentials. To the extent Paragraph 31 alleges of facts, it is denied.

32. These Defendants admit that Plaintiff Tamup told Trooper Chabot that none of the passengers had such papers. To the extent Paragraph 32 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

33. These Defendants deny Paragraph 33 of Plaintiffs' Complaint.

34. These Defendants admit that a trooper did arrive briefly at the scene. To the extent that Paragraph 34 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

35. These Defendants admit the Defendant Trooper Chabot did conduct a ***Terry*** pat of Plaintiff Tamup.

36. These Defendants deny Paragraph 36 of Plaintiffs' Complaint.

37. These Defendants deny Paragraph 37 of Plaintiffs' Complaint.

38. These Defendants deny Paragraph 38 of Plaintiffs' Complaint.

39. These Defendants deny Paragraph 39 of Plaintiffs' Complaint.

40. These Defendants deny Paragraph 40 of Plaintiffs' Complaint.

41. These Defendants deny Paragraph 41 of Plaintiffs' Complaint.

42. These Defendants deny Paragraph 42 of Plaintiffs' Complaint.

43. These Defendants deny Paragraph 43 of Plaintiffs' Complaint.

44. These Defendants deny Paragraph 44 of Plaintiffs' Complaint.

## VI. Claims for Relief

45. These Defendants incorporate by reference their responses to Paragraphs 1 though 44, inclusive, as if fully set forth herein.

### Count I

46. These Defendants deny Paragraph 46 of Plaintiffs' Complaint.

### Count II

47. These Defendants deny Paragraph 47 of Plaintiffs' Complaint.

### Count III

48. These Defendants deny Paragraph 48 of Plaintiffs' Complaint.

### Count IV

49. These Defendants deny Paragraph 49 of Plaintiffs' Complaint.

### Count V

50. These Defendants deny Paragraph 50 of Plaintiffs' Complaint.

### Count VI

51. These Defendants deny Paragraph 51 of Plaintiffs' Complaint.

### Count VII

52. These Defendants deny Paragraph 52 of Plaintiffs' Complaint.

**WHEREFORE**, these Defendants pray that this Complaint be denied and dismissed.

Respectfully Submitted,

STATE OF RHODE ISLAND,
RHODE ISLAND STATE POLICE,

SUPERINTENDENT STEVEN PARÈ, in his Individual and official capacity as Superintendent of the Rhode Island State Police, and

THOMAS CHABOT, Individually and in his Official Capacity as a Trooper with the Rhode Island State Police,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Complaint fails to state a claim against these Defendants upon which relief can be granted in that it fails to allege a legally sufficient factual basis for a judgment against these Defendants.

**SECOND AFFIRMATIVE DEFENSE**

At all times material to matter alleged in the Complaint, these Defendants were in the exercise of due care and had, in good faith, duly fulfilled any and all duties owed to the Plaintiffs in this action, if, duties were owed.

**THIRD AFFIRMATIVE DEFENSE**

These Defendants have the benefit of it status as a sovereign, together with all privileges and immunities that insure to said status.

**FOURTH AFFIRMATIVE DEFENSE**

These Defendants have the benefit of all express and implied exceptions to its statutory waiver of sovereign immunity.

**FIFTH AFFIRMATIVE DEFENSE**

These Defendants have the benefit of discretionary immunity.

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiffs were injured, the Defendants allege that Plaintiffs or one other than these Defendants were negligent in the manner set forth in the Complaint and negligently conducted himself or themselves in a manner so as to result in injury. Said negligent conduct of the Plaintiffs or one other than these Defendants proximately caused and contributed to said accident, injuries and damages, if any, alleged by Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

These Defendants allege that Plaintiffs assumed the risk of any injury or damage alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

These Defendants have the benefit of qualified immunity.

**NINTH AFFIRMATIVE DEFENSE**

These Defendants have the benefit of absolute immunity.

**TENTH AFFIRMATIVE DEFENSE**

These Defendants raise the defenses of reasonable suspicion.

**ELEVENTH AFFIRMATIVE DEFENSE**

These claims are barred by the public duty doctrine.

**TWELVTH AFFIRMATIVE DEFENSE**

Suit is barred by the Eleventh Amendment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Defendants submit Plaintiffs' travel to Providence was voluntary.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The State of Rhode Island, State Agencies and State Officials in their Official Capacities are not "persons" for purposes of 42 U.S.C. §1983.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The State of Rhode Island, State Agencies and State Officials in their Official Capacities are not "persons" for purposes of 42 U.S.C. §1981.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to punitive damages against these Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Defendants raise the defenses of collateral estoppel and res judicata.

**DEFENDANTS DEMAND A JURY TRIAL**

**WHEREFORE**, Defendants pray that judgment is issued, this case dismissed and the court order whatever other relief it deems just.

Respectfully Submitted,

STATE OF RHODE ISLAND,
RHODE ISLAND STATE POLICE,

SUPERINTENDENT STEVEN PARÈ, in his Individual and official capacity as Superintendent of the Rhode Island State Police, and

THOMAS CHABOT, Individually and in his Official Capacity as a Trooper with the Rhode Island State Police,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 6th of April, 2007, to the attorney(s) of record listed below:

**V. Edward Formisano, Esq.**
edf@sfclaw.com

/s/ Brenda D. Baum