**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOES A AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-10ML** |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island** | : | |

**DEFENDANT STATE OF RHODE ISLAND'S OBJECTION TO PLAINTIFFS' MOTION TO COMPEL A MORE RESPONSIVE ANSWER TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Defendant State of Rhode Island and objects to Plaintiffs' Motion to Compel a More Responsive Answer to Request for Production of Document Number 2. Request Number asks Defendant State to produce:

> Each and every document relating to the policies, procedures and/or customs of the Department regarding traffic violation stop, investigatory stop, and search, seizure and arrest in existence as of the date of the incident.

The Defendant State responded as follows:

> Objection. This Request is overly broad, unduly burdensome, vague and not likely to lead to the discovery of admissible evidence at trial. This Request also seeks documents that are protected by the law enforcement privilege. Without waiving said objection, Defendant State produces a copy of General Order-1A, General Order –5A and General Order – 56A8 in Response to #2.

The Defendant State submits that the request for production of documents is overly broad as it seeks "each and every document". The request is overly broad and unduly burdensome as it seeks documents on topics that are not even at issue in the case (i.e. arrests).

Defendant State further submits that the documents are protected by the law enforcement privilege. Plaintiffs in this case have not fulfilled the requirements set forth in Association for Reduction of Violence v. Hall, 734 F.2d 63 (1st Cir. 1984) by demonstrating a threshold of need, amounting to more than mere speculation. Plaintiffs need to demonstrate, in light of the claims they have asserted and of those claims only the legally competent ones, a showing of need. Moreover, disclosure of such policies requested by Plaintiffs could jeopardize the physical safety of state police troopers during investigatory stops or unnecessarily reveal law enforcement techniques. Wherefore, the Defendant State prays that this Court permit its objection to stand and deny Plaintiffs' Motion to Compel and in the alternative issue a protective order limiting disclosure of any documents ordered produced.

Respectfully Submitted,

State of Rhode Island

By its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 20th of April, 2007, to the attorney(s) of record listed below:

**V. Edward Formisano, Esq.**
edf@sfclaw.com

/s/ Brenda D. Baum

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA** | **:** | |
| **GUILFREDO E. MUNOZ, JOSE A. AQUINO,** | **:** | |
| **CRUZ F. RIVERA, CARLOS E. TAMUP,** | **:** | |
| **JOSE BURGOS, ABELINO M. URIZAR,** | **:** | |
| **ISRAEL TEBALAN, ROLANDO NORIEGA,** | **:** | |
| **BORIS R. CRUZ and ELSA HERNANDEZ** | **:** | |
| **VILA VICENCIO** | **:** | |
| **Plaintiffs** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 07-10ML** |
| | **:** | |
| **STATE OF RHODE ISLAND, State Police** | **:** | |
| **Department, STEVEN M. PARÉ, individually** | **:** | |
| **and in his official capacity as Superintendent of** | **:** | |
| **the Rhode Island State Police,** | **:** | |
| **THOMAS CHABOT, individually and in his** | **:** | |
| **official capacity as a state trooper employed by** | **:** | |
| **the State of Rhode Island, JANE DOE,** | **:** | |
| **individually and in her official capacity as a** | **:** | |
| **state trooper employed by the State of** | **:** | |
| **Rhode Island** | **:** | |

**DEFENDANT STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO MOTION TO COMPEL**

## I. INTRODUCTION

Now comes the Defendant State of Rhode Island and objects to Plaintiffs' Motion to Compel a More Responsive Answer to Request for Production of Document Number 2. Request Number 2 asks Defendant State to produce:

> Each and every document relating to the policies, procedures and/or customs of the Department regarding traffic violation stop, investigatory stop, and search, seizure and arrest in existence as of the date of the incident.

The Defendant State responded as follows:

> Objection. This Request is overly broad, unduly burdensome, vague and not likely to lead to the discovery of admissible evidence at trial. This Request also seeks documents that are protected by the law enforcement privilege. Without waiving said objection, Defendant State produces a copy of General Order-1A, General Order –5A and General Order – 56A8 in Response to #2.

The Defendant State submits that the request for production of documents is overly broad as it seeks "each and every document". The request is overly broad and unduly burdensome as it seeks documents on topics that are not even at issue in the case (i.e. arrests). The Defendant State submits that the documents are protected by the law enforcement privilege. Plaintiffs in this case have not fulfilled the requirements set forth in ***Association for Reduction of Violence v. Hall***, 734 F.2d 63 (1st Cir. 1984) by demonstrating a threshold of need, amounting to more than mere speculation. Plaintiffs need to demonstrate, in light of the claims he has asserted and of those claims only the legally competent ones, a showing of need.

## II. STATEMENT OF FACTS

In this case, Plaintiffs seek"[e]ach and every document relating to the policies, procedures and/or customs of the Department regarding traffic violation stop, investigatory stop, and search, seizure and arrest in existence as of the date of the incident." The Defendants have produced General Order-1A entitled "Law Enforcement Role and Authority", General Order –5A entitled "Agency Jurisdiction, Mutual Aid and Regional Services" and General Order – 56A8 entitled "Prohibition Against Biased Policing". The Defendants object to producing the remaining policies based on relevance and the law enforcement privilege.

In their Complaint, Plaintiffs allege that:

20. All of the Plaintiffs are Hispanic.
21. On or about July 11, 2006, Plaintiffs were traveling in a Dodge passenger van on Route 95 in Richmond, Rhode Island, that was operated by Plaintiff Tamup.
22. That while Plaintiffs were traveling on Route 95, a marked state police cruiser, operated by Defendant Chabot, pulled behind Plaintiffs van and engaged its overhead lights after the operator of the van failed to use its turn signal.
23. Plaintiff Tamup immediately pulled the vehicle to the side of the road and stopped the vehicle.
24. Defendant Chabot exited his cruiser and approached Plaintiffs' motor vehicle.
25. Defendant Chabot then requested that Plaintiff Tamup produce his license, the vehicle's registration, and proof of insurance.
26. Plaintiff Tamup gave the foregoing items to Defendant Chabot, and Defendant Chabot returned to his police cruiser.
27. Defendant Chabot conducted a criminal check of Plaintiff Tamup and checked the status of his operator's license. The results of the criminal check were negative and Plaintiff Tamup's license was valid.
28. Within a few minutes, Defendant Chabot returned to Plaintiffs' vehicle.
29. At that time, defendant Chabot opened the front and rear passenger doors of the vehicle and,. By utilizing Plaintiff Tamup as a translator, requested that Plaintiffs Astrid Estrada, Wendy Estrada, Munoz, Aquino, Rivera, Burgos, Urizar, Tebalan, Noriega, Cruz and Vilavicencio present a form of identification.
30. While a few of the Plaintiffs were able to produce Guatemalan Consular documents, most of the Plaintiffs did not possess any form of identification.
31. Defendant Chabot then asked Plaintiffs if they possessed any documents demonstrating their U.S. Citizenship.
32. None of the Plaintiffs were able to produce such documents.
33. Defendant Chabot then told Plaintiff Tamup to exit the vehicle, and asked him, "Why are you transporting undocumented persons?" Defendant Chabot then conducted a *Terry* pat of Plaintiff Tamup.
34. Thereafter Defendant Doe arrived at the scene and conferred with Defendant Chabot.
35. Defendant Chabot conducted another Terry pat of Plaintiff Tamup.
36. Defendants Chabot and/or Doe then advised the Plaintiffs that, on account of the lack of identification, they were being escorted in the van to the Office of Immigration and Customs Enforcement ("ICE") located in Providence, Rhode Island.
37. Defendant Chabot instructed Plaintiff Tamup that he was responsible for the vehicle's passengers, and that if any passenger attempted to escape form the van en route to Providence, that passenger would be shot.

38. Defendants Chabot and Doe then escorted the Plaintiffs to ICE.

Defendants denied certain of these allegations in their Answer. It is undisputed that Trooper Chabot issued Plaintiff Tamup a traffic citation for failing to use his turn signal on July 11, 2006. It is also undisputed that Plaintiff Tamup did not contest the ticket but, rather, paid the seventy-five dollar ($75.00) fine ordered by the summons. See Exhibit A. According to the principles of collateral estoppel and res judicata, the initial stop for failure to use the turn signal was legally valid. Accordingly, any policies regarding traffic and investigatory stops are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure "Privileged matters are, of course, outside the scope of discovery." ***Dowd v. Calabrese***, 101 F.R.D. 427, 430 (D.D.C. 1984). The law enforcement privilege is among the panoply of privileges, "routed in common sense as well as common law, . . . [which] share with each other and the constitutional privileges, the common matrix of pragmatic adjustment to the needs of sound government." *Black v. Sheridan Corporation of America*, 564 F.2d 531, 542 (D.C. Cir. 1977).

The law enforcement privilege has been incorporated into various state and federal Freedom of Information Acts. Its purpose:

> . . . is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*In re: Dept. of Investigations of City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988) (Emphasis added). Application of this privilege is committed to the sound discretion of

the trial court, Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970), United States v. Green, 670 F.2d 1148, 1156 (D.C. Cir. 1981), and may be interpreted "in the light of reason and experience." Fed. R. Evid. 501. The privilege is qualified, rather than absolute. When the claim of privilege is made, the demanding party has burden of showing his or her need for disclosure. In addressing whether or not disclosure should be made the court should address the following issues:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1345 (D.C. Cir. 1984).

One of the purposes of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference in an investigation." *Morrissey v. The City of New York*, 171 F.R.D. 85, 90 (S.D.N.Y 1997). It is not a requirement that an investigation needs to be ongoing in order for the privilege to be applicable. *Morrissey*, 171 F.R.D. at 90 (c*iting*, *Borchers v. Commercial Union Assur.*

*Co.*, 874 F.Supp. 78, 80 (S.D.N.Y.1995); *Black*, 564 F.2d at 546 (D.C.Cir.1977)). "As Judge Cote makes clear in *Borchers*, the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed. *Borchers*, 874 F.Supp. at 80." *Id.*

In *Morrissey*, the New York District Attorney's Office ("DA"), injunction with the NYPD's Internal Affairs Bureau ("IAB"), were conducting an investigation into corrupt police practices. 171 F.R.D. at 87. Police Officer Jorge Alvarez had initially been under investigation and subsequently cooperated with the DA and IAB. *Id*. While at the police precinct Alvarez shot the Plaintiff Stephen Morrissey in the foot during a scuffle between the men, during which plaintiff referred to Alvarez as a "rat". *Id*. Plaintiff filed a civil law suit under 42 U.S.C. §1983 against Alvarez claiming that he violated his Fourth and Fifth Amendment rights and against the City of New York and the DA for engaging in a policy of reckless disregarding the rights of persons like plaintiff by failing to adequately train and supervisor individuals who cooperated in the corruption investigation. *Id*. Among other documents requested in discovery, Plaintiff sought from the defendants describe "the method by which the tape recoding device used by defendants was placed on the cooperator's person." *Id*. at 88. Defendants objected based on relevance and the law enforcement privilege. *Id*. The Court sustained the objection. The Court found that the plaintiff's need for this information is virtually nonexistent and the defendants demonstrated that "this information were it publicly available, would seriously compromise future law enforcement investigations. After consideration thereof, Magistrate Judge Martin conducted an *in camera* review and determined some of the documents were not relevant and ordered that other document be released under seal.

The facts of the instant case are very different from those in ***Jenkins***. Here, the validity of the stop has been established by the legal principles of res judicata and collateral estoppel.

Moreover, in this case, Plaintiffs' complaint does not on its face support the need for the requested policies. Plaintiffs seek any policies related to arrests – however, it is undisputed that not one of the Plaintiffs were arrested. The Complaint makes broad sweeping allegations of unreasonable search and seizure and unlawful discrimination under 42 U.S.C. §1983, deprivation of civil rights under 42 U.S.C. §1981 and similar claims under the State Constitution and statute. It is impossible from the complaint to determine what specific facts Plaintiffs claim are the basis for their search and seizure claims. These Defendants have issued discovery at the time of this filing but Plaintiffs responses will not be due until late May 2007. Without a declaration by Plaintiffs describing their claims and the specific need for these policies this request is nothing more than a fishing expedition. Moreover, the disclosure of the policies could jeopardize the safety of law enforcement individuals as one policy sets forth proposed techniques to perform certain types of motor vehicle stops. The policy also contains information regarding traffic enforcement. The disclosure of such information could risk enforcement of traffic laws if disclosed. See Affidavit of Major O'Donnell of the Rhode Island State Police. The Defendant State of Rhode Island submits that these factors support the application of the law enforcement privilege and outweighs the plaintiffs' unspecified need for such documentation or information in this case.

Wherefore, the Defendant State of Rhode Island prays that this Court denies Plaintiffs' Motion to compel a More Responsive Answer to Request for Production of

Documents Number 2. In the event that the Court conducts an ***in camera*** review of the documents, the Defendant State prays that any release of documents or the information contained therein be under seal.

Respectfully Submitted,

State of Rhode Island

By its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 20th of April, 2007, to the attorney(s) of record listed below:

**V. Edward Formisano, Esq.**
edf@sfclaw.com

/s/ Brenda D. Baum