**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| | : | |
| **STATE OF RHODE ISLAND**, | : | |
| State Police Department, **STEVEN M. PARE**, | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**PLAINTIFFS' RULE 16 CONFERENCE STATEMENT**

## I. Facts of Case

On July 11, 2006, the Plaintiffs, all of whom are Hispanic, were traveling in a van on Route 95 in Richmond, Rhode Island, that was operated by Plaintiff Tamup.

While the Plaintiffs were traveling on Route 95, a marked state police cruiser, operated by Defendant Chabot, pulled behind Plaintiffs' van and engaged its overhead lights after the operator of the van failed to use its turn signal. Plaintiff Tamup immediately pulled the vehicle to the side of the road and stopped the vehicle. Defendant Chabot then requested that Plaintiff Tamup produce his license, the vehicle's registration, and proof of insurance. Plaintiff Tamup produced the foregoing items to Defendant Chabot and Defendant Chabot then conducted a criminal check of Plaintiff Tamup and checked the status of his operator's license.[1]

Within a few minutes, Defendant Chabot returned to Plaintiffs' vehicle. At that time, Defendant Chabot opened the front and rear passenger doors of the vehicle, and, by utilizing Plaintiff Tamup as a translator, requested that Plaintiffs Astrid Estrada, Wendy Estrada, Munoz, Aquino, Rivera, Burgos, Urizar, Tebalan, Noriega, Cruz and Vilavicencio present a form of

[1] The results of the criminal check were negative and Plaintiff Tamup's license was valid.

identification. While a few of the Plaintiffs were able to produce Guatemalan Consular documents, most of the Plaintiffs did not possess any form of identification. Defendant Chabot then asked the Plaintiffs if they possessed any documents demonstrating their U.S. citizenship. None of the Plaintiffs were able to produce such documents.

Defendant Chabot then told Plaintiff Tamup to exit the vehicle, and asked him, "Why are you transporting undocumented persons?" Defendant Chabot then conducted a *Terry* pat of Plaintiff Tamup. Thereafter, Defendant Doe arrived at the scene and conferred with Defendant Chabot. Defendant Chabot conducted another *Terry* pat of Plaintiff Tamup. Defendants Chabot and/or Doe then advised the Plaintiffs that, on account of the lack of identification, they were being escorted in the van to the Office of Immigration and Customs Enforcement ("ICE") located in Providence, Rhode Island. Defendant Chabot instructed Plaintiff Tamup that he was responsible for the vehicle's passengers, and that if any passenger attempted to escape from the van en route to Providence, that passenger would be shot.

Defendants Chabot and Doe then escorted the Plaintiffs to ICE.

## II. Legal Issues

A. Whether the Plaintiffs' seizure and arrest by the individual defendants was in violation of 42 U.S.C §1983, 42 U.S.C §1981, Article I, §§ 2 and 6 of the Rhode Island Constitution and/or R.I.G.L. §31-21.2-1 *et seq.*?

B. Whether Defendants breached a duty of care owed to Plaintiffs thereby causing Plaintiffs to sustain foreseeable harm?

C. Whether Defendant State is liable under the doctrine of *respondeat superior* for the negligent acts and/or omissions of the individual defendants?

D. Whether Defendant State failed to properly train, instruct, and/or supervise officers in the State Police Department, resulting in the illegal and unlawful seizure of the Plaintiffs?

E. Whether the conduct of the individual defendants was intentional?

Plaintiffs,
By their Attorneys,

s/ V. Edward Formisano

V. Edward Formisano (#5512)
**American Civil Liberties Union,**
**Rhode Island Affiliate**
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690 (401)943-9040 (facsimile)

**CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 9th day of May, 2007 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano