UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO, Plaintiffs, | : | |
| v. | : | CA 07-010 ML |
| STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually, BRENDAN P. DOHERTY,[1] in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island, Defendants. | : | |

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION**

Before the Court is Plaintiffs' Motion to Compel More Responsive Answers to First Request for Production of Documents

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Brendan P. Doherty, the current superintendent of the Rhode Island State Police, is substituted as a defendant. See Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party ...."). Steven M. Pare, the former superintendent, is retained as a defendant because he was sued not only in his official capacity but also individually.

Propounded to Defendant State of Rhode Island (Document ("Doc.") #5) ("Motion to Compel Production" or "Motion"). Defendant State of Rhode Island (the "State") has filed an objection to the Motion. See Defendant State of Rhode Island's Objection to Plaintiffs' Motion to Compel a More Responsive Answer to Request for Production of Documents (Doc. #8) ("Objection"). The Court conducted a hearing on the Motion on May 3, 2007, and thereafter took the matter under advisement.

**Facts**[2]

Plaintiffs, all of whom are Hispanic, were riding in a passenger van on Route 95 in Richmond, Rhode Island. See Complaint ¶¶ 20-22. The van was being operated by Plaintiff Carlos E. Tamup ("Tamup"). See id. ¶ 21. After Tamup failed to use his turn signal, Defendant Thomas Chabot ("Chabot"), in a marked state police cruiser, pulled behind the van and engaged the cruiser's overhead lights. See id. ¶ 22. Tamup immediately pulled to the side of the road and stopped. See id. ¶ 23. Chabot requested that Tamup produce his license, the vehicle's registration, and proof of insurance. See id. ¶ 25. Tamup did so, and Chabot returned to his cruiser where he conducted a criminal check of Tamup and the status of Tamup's license. See id. ¶¶ 26-27. The result of the criminal check was negative and Tamup's license was valid. See id. ¶ 27.

Chabot returned to the van and requested identification from the other Plaintiffs. See id. ¶ 29. While a few of the other Plaintiffs were able to produce Guatemalan consular documents, most of them did not possess any form of identification. See id. ¶ 30. Chabot then asked the Plaintiffs if they possessed any documents demonstrating their U.S. citizenship. See id. ¶ 31. None of the Plaintiffs were able to produce such documents. See

---

[2] The facts are taken from the Complaint.

id. ¶ 32. Chabot told Tamup to exit the vehicle and asked him "Why are you transporting undocumented persons?" Complaint ¶ 33. Chabot then conducted a Terry search of Tamup. See id.

Defendant Doe arrived at the scene and conferred with Chabot. See id. ¶ 34. Chabot and/or Doe then advised the Plaintiffs that because of their lack of identification they were being escorted to the Office of Immigration and Customs Enforcement ("ICE") in Providence. See id. ¶ 36. Chabot instructed Tamup that he was responsible for the vehicle's passengers and that if any passenger attempted to escape from the van enroute to Providence, that passenger would be shot. See id. ¶ 37. Chabot and Doe escorted the Plaintiffs to the ICE office. See id. ¶ 38.

In the Complaint, Plaintiffs allege that Defendants violated their rights under federal and state constitutional and statutory law to be free from unreasonable searches and seizures and from unlawful discrimination (Counts 2-7). Plaintiffs also allege that Defendants negligently breached a duty of care owed to them (Count 1).

**Discussion**

According to the Motion, that Plaintiffs seek to compel the State to provide more responsive answers to document request 2. See Motion at 1. As an initial matter, the Court notes that the wording of document request 2 as stated in the Motion does not exactly match the wording of the request as it appears in Plaintiff's [sic] First Request for Production of Documents Addressed to the Defendant State of Rhode Island ("First Request for Production").[3] Compare Motion at 1-2 with First Request for

[3] Among other differences, the version of document request 2 which appears in the Motion seeks production of documents regarding, inter alia, the "use of force ...." Motion at 1. Such documents were not requested in request number 2 of Plaintiff's [sic] First Request for Production of Documents Addressed to the Defendant State of Rhode

Production at 3. While the Court assumes that the difference is due to inadvertence, it is important to state document request 2 as it was originally propounded:

> Each and every document relating to the policies, procedures and/or customs of the Department regarding a traffic violation stop, investigatory stop, and search, seizure and arrest in existence as of the date of the incident.

First Request for Production at 3.

Having determined what documents were requested by Plaintiffs, the Court proceeds to consideration of the Motion to Compel. The State objects on the ground that the request is: a) overly broad because "it seeks 'each and every document,'" Objection at 2; b) "overly broad and unduly burdensome as it seeks documents on topics that are not even at issue in the case (i.e. arrests)," id.; and c) improper because "the documents are protected by the law enforcement privilege," id. The State also notes that without waiving its objections, it produced "a copy of General Order-1A, General Order-5A and General Order-56A8," id., in response to document request 2, see id.

Addressing first the objection that the request is overly broad, counsel for Plaintiffs agreed at the May 3, 2007, hearing that since it is undisputed Plaintiff Tamup did not contest the traffic citation which he was issued for failing to use his turn signal, the legality of the initial stop of the van is not at issue. Therefore, to the extent that the Motion seeks to compel production of documents which pertain to traffic violation stops and investigatory stops, the request is overly broad and unduly burdensome. Accordingly, as to such documents the Motion is denied.

With regard to the State's contention that arrests are not at

---

Island ("First Request for Production").

issue in the case, the Court disagrees. Accepting the allegations of the Complaint as true, Plaintiffs were required by the state troopers to leave the scene of the traffic stop and go to the ICE office.[4] Such action involved a significant curtailment of Plaintiffs' liberty and is consistent with their being arrested. See United States v. Elston, 479 F.3d 314, 319 (4th Cir. 2007)("[A]n arrest is defined using an objective standard: whether the suspect's freedom of action is curtailed to a degree associated with formal arrest.")(internal quotation marks omitted); United States v. Lopez-Medina, 461 F.3d 724, 740 (6th Cir. 2006)(observing that "transportation to a police station for questioning can transform an investigatory stop into an arrest")(internal citations omitted); United States v. Hernandez, 825 F.2d 846, 851 (5th Cir. 1987)(finding defendant's removal from carnival grounds to police command post as the time when level of police intrusion escalated into a de facto custodial arrest); see also Hayes v. Florida, 470 U.S. 811, 816, 105 S.Ct. 1643, 1647 (1985)(holding that the line separating a Terry stop and an arrest is crossed when police "forcibly remove a person from his home or other place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes"). Still, it is not all arrests which are placed in issue by the present lawsuit, but only the arrests of operators of vehicles and/or passengers in those vehicles following a traffic stop. Accordingly, to the extent that the Motion seeks production of documents involving other types of arrests, the Motion is denied.

Based on the allegations in the Complaint, the Court finds

[4] Defendants dispute Plaintiffs' allegations of the circumstances under which Plaintiffs went to the ICE Office. However, for purposes of deciding the instant Motion, the allegations of the Complaint are accepted as true.

that the documents sought by request 2 which may be relevant to Plaintiffs' claims are those which pertain to the policies, procedures, and/or customs of the Department regarding:

1) questioning passengers following a traffic violation stop;

2) requesting identification from passengers following a traffic violation stop;

3) removing or transporting the operator of a motor vehicle from the place of a traffic violation stop;

4) removing or transporting passengers from the place of the traffic violation stop; and

5) arresting, detaining, or taking other action relative to persons suspected of being illegal immigrants.

Having determined what documents may be relevant to Plaintiffs' claims, the Court now considers the State's claim that the information sought is protected by the law enforcement privilege. Federal case law recognizes "a privilege for 'documents that would tend to reveal law enforcement investigative techniques or sources ....'" Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 65-66 (1st Cir. 1984)(quoting Black v. Sheraton Corp. of America, 564 F.2d 531, 545 (D.C. Cir. 1977)). The privilege is qualified and not absolute. Id. at 66. In ruling upon a claim of law enforcement privilege, a trial court is required to balance conflicting interests on a case-by-case basis. Id. "When particular documents have been determined to be covered by a qualified privilege, a party seeking discovery of those documents must make a threshold showing of need, amounting to more than 'mere speculation.'" Id. (quoting Socialist Workers Party v. Attorney Gen., 565 F.2d 19, 23 (2nd Cir. 1977)).

The Court finds that the documents pertaining to the above five enumerated areas are covered by the law enforcement

privilege because their disclosure would tend to reveal law enforcement techniques. The Court considers next whether Plaintiffs have made "a threshold showing of need, amounting to more than 'mere speculation,'" Ass'n for Reduction of Violence v. Hall, 734 F.2d at 66, for the production of these documents. In making this determination the Court is hindered by a lack of clarity regarding Plaintiffs' claims.[5] Although Plaintiffs charge Defendants with negligence and breach of a duty of care, it is unclear what acts or omissions Plaintiffs contend constituted the negligence and what duty of care Plaintiffs allege Defendants breached.[6] This is in large measure also true with regard to Plaintiffs' claims that they were illegally searched. Except for Tamup who is alleged to have been subjected to two "Terry pat[s]," Complaint ¶¶ 33, 35, the Complaint is devoid of any allegation that Plaintiffs were searched. While presumably Plaintiffs' removal to the ICE Office is the basis for the claim of illegal seizure, the Complaint does not explicitly

---

[5] Defendants complain about this imprecision in their memorandum:

> The Complaint makes broad sweeping allegations of unreasonable search and seizure and unlawful discrimination under 42 U.S.C. §1983, deprivation of civil rights under 42 U.S.C. §1981 and similar claims under the State Constitution and statute. It is impossible from the complaint to determine what specific facts Plaintiffs claim are the basis for their search and seizure claims. These Defendants have issued discovery at the time of this filing but Plaintiffs['] responses will not be due until late May 2007. Without a declaration by Plaintiffs describing their claims and the specific need for these policies this request is nothing more than a fishing expedition.

Defendant State of Rhode Island's Memorandum in Support of It's [sic] Objection to Motion to Compel ("State's Mem.") at 10.

[6] This contrasts with the situation which existed in Jenkins v. State of Rhode Island, et al., CA 04-453 S, a prior case involving the same counsel and a similar motion. In that case, it was plain that the basis for the plaintiff's claim of negligence was that he was shot by a state trooper during a motor vehicle stop.

state this. Similarly, although Plaintiffs claim that they were subjected to unlawful discrimination based on their race and to unlawful racial profiling, they do not explicitly state how Defendants discriminated against them or subjected them to unlawful racial profiling. Again, while presumably these claims are based on Chabot's questioning of Plaintiffs and on his and Doe's escorting of Plaintiffs to the ICE office, this is not explicitly alleged in the Complaint.

Because of the uncertainty regarding which facts constitute the basis for Plaintiffs' specific claims, the Court finds it difficult to determine Plaintiffs' need for these documents. Upon consideration the Court concludes that the Motion should be denied without prejudice as to the documents concerning the five areas enumerated on page 6 of this Memorandum and Order. If Plaintiffs renew the Motion, they should clarify the factual basis for their claims and, **most importantly, explain their need for the documents requested as it relates to those claims.**

## Conclusion

To the extent that the Motion seeks production of documents other than those which pertain to the five areas enumerated on page 6 of this Memorandum and Order, the Motion is DENIED. To the extent that the Motion seeks the production of documents regarding the aforementioned five areas, it is denied without prejudice.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 10, 2007