# EXHIBIT Q-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ABELINO M. URIZAR'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Abelino Manuel Garcia Urizar
Name of Translator Assisting with Answers: Jessica Pareja
DOB: 1/2/73
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 62 Dorchester Ave., Providence, RI 02909
Other Addresses for the Past 5 years: I arrived in Providence approximately sixteen months ago. Prior to that I lived in Guatemala.
Business Address and Occupation: Simcoe & Sons, Inc., 46 Airport Road, Westerly, RI 02891. I work as a jewelry polisher.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Cruz F. Rivera, Carlos E. Tamup, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

When the Trooper pulled us over he began asking for i.d. I could not understand a lot of what the officer was saying. I saw him pat Carlos down three times. I did not have any i.d. on me that night. After the Trooper closed the door Carlos said we were going to Immigration. Carlos told us not to move, not to try to escape. He told us they could shoot. We were there for five (5) hours and we were fingerprinted. They would only let us leave if we 1-agreed to appear in front of a judge, 2-left the country immediately, or 3-stated that we were requesting political asylum. I signed a paper and I left.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversations you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I could not understand most of what the Trooper was saying.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

On the way to Immigration, Carlos told us not to move and not to try to escape because the officers could shoot.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

# EXHIBIT Q-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, CARLOS E. TAMUP'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Carlos E. Tamup
Name of Translator Assisting with Answers: Jessica Pareja; Juan Garcia
DOB: 7/15/70
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 118 Cleveland Street, Providence, RI 02909 (lived here for 3 years)
Other Addresses for the Past 5 years: 480 Hartford Ave; Providence, RI 02909
Business Address and Occupation: Simcoe & Sons, Inc. (f/k/a R & B, Inc.), 46 Airport Road, Westerly, RI 02891. I work polishing jewelry.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Cruz F. Rivera, Astrid G. Estrada, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication. The Chief of the State Police called me to ask me what happened. I told him that Mr. Juan Garcia had to be there when I talked to him.

__Interrogatory No. 5__: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**__Response No. 5:__**

The police stopped us. The trooper asked me for my license, registration, and insurance. He then went to Guilfredo and asked him for i.d. He did not have any. The trooper went to his car and then came back. He opened the back doors and asked everyone for i.d.'s. Some had i.d. and some did not. He got mad and he slammed the door. He brought me down from the van three times to pat me down. He asked for a green card and he asked for a social security number. He told me I was not supposed to be in the country. He told me I was not supposed to transport people. He asked many times for a green card. He kept saying I was not supposed to be here.

He told me to follow him to Immigration. I asked why. He said because I was carrying people without i.d.s. He told me to follow him. He told me to tell everyone that if anyone tried anything they would die. Another police officer, a female, came. On the way to Immigration he drove seventy (70) miles per hour. He kept waiving his hand out the window to gesture to me to go faster. He pulled us over under a bridge. He touched the door to make sure it locked. He looked inside. He did not say anything.

**__Interrogatory No. 6:__** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**__Response No. 6:__**

See allegations as stated in Plaintiff's Complaint.

**__Interrogatory No. 7:__** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**__Response No. 7:__**

The trooper spoke primarily with me. See Plaintiff's Response to Interrogatory No. 5.

**__Interrogatory No. 8:__** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**__Response No. 8:__**

See Plaintiff's Response to Interrogatory No. 5.

**__Interrogatory No. 9:__** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

# EXHIBIT Q-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ISRAEL TEBALAN'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT..**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**
Name: Israel Tebalan Tamup
Name of Translator Assisting with Answers: Jessica Pareja
DOB: 10/28/79
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 118 Cleveland Street, Providence, RI (2 years);
Other Addresses for the Past 5 years: 480 Hartford Ave., Providence, RI (2 years); Prior to that I lived in Guatemala.
Business Address and Occupation: Simcoe & Sons, Inc. (f/k/a R & B, Inc.), 46 Airport Road, Westerly, RI 02891. I work polishing jewelry.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Carlos E. Tamup, Cruz F. Rivera, Astrid E. Estrada, Jose Burgos, Abelino M. Urizar, Rolando Noriega, Jose A. Aquino, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions

alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

I was sitting in the last back seat and I realized that the police stopped us. After 15 minutes the police asked us to pull out i.d.s. I produced my Guatemalan i.d. I no longer have the one I produced because they took it at Immigration. I realized that we were going to Immigration. I could not hear much because the van was so long. The trooper opened the side doors.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I was in the back of the van and did not hear very much.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

I only heard Carlos tell us to sit down and not to move. He said we were going to Immigration.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

# EXHIBIT Q-4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, CRUZ F. RIVERA'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answeres.

**Response No. 1:**

Name: Cruz Fernando Julian Rivera; Other Names: Julian Cruz
DOB: 7/12/71
Name of Translator Assisting with Answers: Jessica Pareja.
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 94 Whittier Ave, Providence, RI 02909 (for the past 5 years)
Business Address and Occupation: Simcoe & Sons, Inc., 46 Airport Road, Westerly, RI 02891; jewelry polishing and distribution

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Carlos E. Tamup, Astrid G. Estrada, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Crùz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

On July 11, 2006 around 6:30 a.m. the State Police stopped us. The trooper asked us for i.d.'s. I gave him my Guatemalan i.d. They took it from me at Immigration. The trooper had the driver get out of the van and he patted him down three times. On the way to Immigration, the police stopped us again underneath a bridge. We spent many hours at Immigration. They gave us a paper to sign stating that we were responsible to present ourselves in front of a judge. They would only let us leave if we 1-agreed to appear in front of a judge, 2-left the country immediately, or 3-stated that we were requesting political asylum. I signed the paper and went home.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I did not hear any conversations between the Trooper and any occupant of the van. I just saw him speak with the driver.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

When the police stopped us under the bridge on the way to Immigration, Carlos told us to stay still and not to move because they could shoot us.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

# EXHIBIT Q-5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,
Plaintiffs

v. C.A. No.:07-10ML

STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island,
Defendants

**PLAINTIFF, ROLANDO NORIEGA'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Rolando Noriega Elezar Morat
Name of Translator Assisting with Answers: Jessica Pareja
DOB: 2/19/82
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 64 Dorchester Ave., Providence, RI
Other Addresses for the Past 5 years: 480 Hartford Ave., Providence, RI (4 years); 24 Atwells Ave., Providence, RI; Prior to that I lived in Guatemala.
Business Address and Occupation: Simcoe & Sons, Inc. (f/k/a R & B, Inc.), 46 Airport Road, Westerly, RI 02891. I work polishing jewelry.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Carlos E. Tamup, Cruz F. Rivera, Astrid E. Estrada, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Jose A. Aquino, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

__Interrogatory No. 5__: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**__Response No. 5:__**

On July 11, 2006 our van got stopped by a State Police cruiser on Route 95 South. The trooper looked inside the van. He opened the door and asked us to show identification. The trooper patted down the driver, Carlos, three times. I did not hear or see very much because I was way in the back of the van. We went to Immigration and had to wait there several hours before we were allowed to leave.

**__Interrogatory No. 6:__** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**__Response No. 6:__**

See allegations as stated in Plaintiff's Complaint.

**__Interrogatory No. 7:__** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**__Response No. 7:__**

First the trooper asked Carlos for his license, registration and i.d.. Then he asked the passengers for i.d.. Most of them had none. When he opened the back doors he once again asked the passengers for i.d.. A few people showed him foreign i.d.'s. He laughed. He asked for green cards. When no one had any he looked mad. He said "you are not supposed to be here". He told Carlos he was not supposed to have people without i.d. or green cards in the van. He patted Carlos down and told him to follow him to Immigration.

**__Interrogatory No. 8:__** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**__Response No. 8:__**

While we were riding in the van going to immigration, Carlos said for us to be quiet, sit, do not move because the trooper could shoot. He told us not to try to get out and that we were going to Immigration.

**__Interrogatory No. 9:__** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

# EXHIBIT Q-6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** Plaintiffs | : | |
| v. | : | **C.A. No.: 07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ELSA HERNANDEZ VILA VICENCIO'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Elsa Violeta Hernandez Vila Vicencio.
Name of Translator Assisting with Answers: Jessica Pareja
SSN: Not applicable. Plaintiff does not have a social security number.
DOB: December 11, 1972
Marital Status: Married.
Residence Address: 125 Hendrick Ave., Providence, RI (9 months), Other Addresses for the Past 5 years: Plainfield Street, Providence, RI (1 year); prior to that lived in Guatemala
Business Address and Occupation: I am employed by Labor USA of Providence, RI doing temp work, in July, 2006 I worked as a temp for approximately two months at Cimini & Associates, Inc., 46 Airport Road, Westerly, RI 02891.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Astrid Estrada, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Cruz F. Rivera, Carlos E. Tamup, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**<u>Interrogatory No. 5</u>**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**<u>Response No. 5:</u>**

When the van was stopped, Trooper Thomas Chabot came over to talk to Carlos Tamup. The Trooper asked for ID's. I did not have an ID. He kept asking for ID's. After Carlos produced an ID, I saw the Trooper pat him down. When most people on the van did not have them, he got angry. He went back to his car, came back and asked again. He went back to the driver, Carlos. Other police arrived and we were kept there for quite a while. Trooper Thomas Chabot came back and spoke with Carlos. Then Carlos told us we were going to immigration. There were two cruisers, one behind the van and the other one in front. On our way to immigration, the van was stopped again underneath a bridge. A Tropper got out of his car and checked the doors on the van. The people in the van were all very worried and nervous.

**<u>Interrogatory No. 6:</u>** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**<u>Response No. 6:</u>**

See allegations as stated in Plaintiff's Complaint.

**<u>Interrogatory No. 7:</u>** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**<u>Response No. 7:</u>**

I heard the Trooper ask for i.d. but I could not understand most of what he said. He looked mad.

**<u>Interrogatory No. 8:</u>** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**<u>Response No. 8:</u>**

See Plaintiff's response to Interrogatory No. 7. After the Trooper spoke to Carlos, Carlos told us not to move. He told us not to try to escape because the troopers could shoot. He told us to calm down.

**<u>Interrogatory No. 9:</u>** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

# EXHIBIT Q-7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.: 07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, WENDY ESTRADA'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answeres.

**Response No. 1:**

Name: Wendy Marisol Cabrera Estrada
Name of Translator Assisting with Answers: Juan Garcia, Ingrid Garcia
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Single.
Residence Address: 27 Sears Ave.; Providence, RI 02909
Other Addresses for the Past 5 years: I arrived in Providence approximately three years ago. Prior to that I lived in Guatemala.
Business Address and Occupation: Cimini & Associates, Inc., 46 Airport Road, Westerly, RI 02891.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Cruz F. Rivera, Carlos E. Tamup, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

On July 11, 2006 our van got stopped by the State Police cruiser around 6:30 a.m. on Rute 95 South. Trooper Thomas Chabot asked the driver, Carlos, for his license and registration. Trooper Chabot looked inside the van and saw there were more people in there, he opened the door and asked us to show identification. As we handed in the ID's, Trooper Chabot kept using derogatory language toward us. Trooper Chabot kept asking us if we had green cards and if we had permission to be in this country. During this time there were more police cruisers approaching us. Trooper Chabot patted down the driver, Carlos, three times. Trooper Chabot kept telling us not to move or try to do something because if we did he would shoot. That we had to do whatever he said if we did not want anyone to die.

Trooper Chabot told Carlos to follow him to the immigration offices. There were two cruisers, one behind the van and the other one in front. When we got to immigration we spent 6 hours there. They gave us a paper to sign stating that we were responsible to present ourselves in front of a judge. They would only let us leave if we 1-agreed to appear in front of a judge, 2-left the country immediately, or 3-stated that we were requesting political asylum. We could not use the phone to call anyone.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

Trooper Chabot spoke to everyone in the van. He made some general comments about the situation and used a lot of derogatory language. He told Carlos to tell us that he was responsible for everyone in the van. He spoke to Carlos who in turn told us not to move or run or someone would die because the Trooper had the power to shoot. Trooper Chabot asked each person for identification. He also told Carlos to follow him to the immigration office.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

See Plaintiff's response to Interrogatory No. 7.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

# EXHIBIT Q-8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,**
**Plaintiffs**

v. **C.A. No.: 07-10ML**

**STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island,
**Defendants**

**PLAINTIFF, ASTRID G. ESTRADA'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Astrid Gabriela Cabrera Estrada.
Name of Translator Assisting with Answers: Juan Garcia; Ingrid Garcia.
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 12 Ortoleva Drive, Providence, RI 02909
Other Addresses for the Past 5 years: 27 Sears Ave, Providence, RI 02908; prior to that I lived in Guatemala
Business Address and Occupation: Cimini & Associates, Inc., 46 Airport Road, Westerly, RI 02891.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Jose A. Aquino, Cruz F. Rivera, Carlos E. Tamup, Jose Burgos, Abelino M. Urizar, Israel Tebalan, Rolando Noriega, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

On July 11, 2006 our van got stopped by the State Police cruiser around 6:30 a.m. on Rute 95 South. Trooper Thomas Chabot asked the driver, Carlos, for his license and registration. Trooper Chabot looked inside the van and saw there were more people in there, he opened the door and asked us to show identification. As we handed in the ID's, Trooper Chabot kept using derogatory language toward us. Trooper Chabot kept asking us if we had green cards and if we had permission to be in this country. During this time there were more police cruisers approaching us. Trooper Chabot patted down the driver, Carlos, three times. Trooper Chabot kept telling us not to move or try to do something because if we did he would shoot. That we had to do whatever he said if we did not want anyone to die.

Trooper Chabot told Carlos to follow him to the immigration offices. There were two cruisers, one behind the van and the other one in front. When we got to immigration we spent 6 hours there. They gave us a paper to sign stating that we were responsible to present ourselves in front of a judge. They would only let us leave if we 1-agreed to appear in front of a judge, 2-left the country immediately, or 3-stated that we were requesting political asylum. We could not use the phone to call anyone.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

Trooper Chabot spoke to everyone in the van. He made some general comments about the situation and used a lot of derogatory language. He told Carlos to tell us that he was responsible for everyone in the van. He spoke to Carlos who in turn told us not to move or run or someone would die because the Trooper had the power to shoot. Trooper Chabot asked each person for identification. He also told Carlos to follow him to the immigration office.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

See Plaintiff's response to Interrogatory No. 7.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

# EXHIBIT Q-9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,**
**Plaintiffs**

v. **C.A. No.:07-10ML**

**STATE OF RHODE ISLAND,**
State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island,
**Defendants**

**PLAINTIFF, BORIS R. CRUZ'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answeres.

**Response No. 1:**

Name: Boris Rene Cruz
Other Names: David Orlando Cruz
D.O.B.: 7/9/80
Name of Translator Assisting with Answers: Jessica Pareja
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Single.
Residence Address and Other Addresses for the Past 5 Years: I live in Providence, RI. I just moved to a new apartment. Prior to coming to Rhode Island I lived in Connecticut for seven (7) months. Prior to that I lived in Guatemala.
Business Address and Occupation: TCC Co., Seekonk, MA. I work putting inserts in newspapers before delivery and distribution.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

I was asleep. I heard people saying 'police are stopping us'. I went back to sleep because I thought it was no big deal. When we pulled over I woke up. I saw the officer pat Carlos down three times. When he first pulled us over, the officer was calm. When some people could not show i.d. he got angry and began using negative language. We left the side of the road and headed to Immigration. Carlos told us not to move and not to try to get out because the police could shoot. On the way to Immigration the police pulled us over again under a bridge. They checked the doors. The officer told Carlos to go faster but Carlos said he could not go any faster because there were people in the van. When we got to immigration we stayed there a few hours. We were given three choices, 1-agree to appear in front of a judge, 2-leave the country immediately, or 3-state that we were requesting political asylum.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversations you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I do not recall the specifics of any conversations. I was sleepy.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

Carlos told us not to move and not to try to escape because the officers could shoot us. He told us to calm down and relax. He said that nothing bad was going to happen.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

# EXHIBIT Q-10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, JOSE A. AQUINO RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Jose Augusto Coronado Aquino
Name of Translator Assisting with Answers: Jessica Pareja
DOB: 3/13/71
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 132 Unit Street, Providence, RI 02909, since June, 2006.
Other Addresses for the Past 5 years: 85 Fairmont Ave., Providence, RI 02908 (9 months); 132 Unit Street, Providence, RI 02909 (6 months); Prior to that I lived in Guatemala.
Business Address and Occupation: Simcoe & Sons, Inc. (f/k/a R & B, Inc.), 46 Airport Road, Westerly, RI 02891. I work polishing jewelry.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

On July 11, 2006 our van got stopped by the State Police cruiser around 6:30 a.m. on Route 95 South. The trooper looked inside the van. He opened the door and asked us to show identification. During this time there were more police cruisers approaching us. The trooper patted down the driver, Carlos, three times. The trooper told Carlos to follow him to the immigration offices. There were two cruisers, one behind the van and the other one in front. On the way to Immigration, he stopped us under a bridge for 10-15 minutes. I could not understand what was being said because I do not speak English. The trooper checked to make sure the doors were locked. When we got to Immigration they put ankle cuffs on our feet. Each of us went to meet with an immigration officer. We were let go at about 11 a.m.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversations you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I did not understand most of what was being said.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

On the way to Immigration, Carlos said he was responsible for making sure that no one tried to escape. He said not to move or try to get out because the officers could shoot.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

# EXHIBIT Q-11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, GUILFREDO E. MUNOZ'S, RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answeres.

**Response No. 1:**

Name: Guilfredo Estuardo Munoz
Name of Translator Assisting with Answers: Juan Garcia
DOB: 7-13-77
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married
Current Address: 12 Ortoleva Street, Providence, RI 02908 (1 year);
Prior Address: 27 Sears Ave., Providence, RI (3 years); prior to that I resided in Guatemala
Occupation: Restaurant Maintenance;
Business Address: Taco Bell, Reservoir Ave., Cranston, RI

<u>Interrogatory No. 5</u>: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**<u>Response No. 5:</u>**

I was sitting in the passenger's seat. The police stopped us and asked Carlos for i.d. and the vehicle registration. He gave them the registration. The trooper brought Carlos down from the van three times and patted him down three times. He asked me for i.d. but I did not have any on me that evening. Then he went to the back of the van and opened the doors. He asked the other passengers for i.d.s. Some had i.d.s and some did not. A couple of people showed i.d.s. from Guatemala. The police made fun of the i.d.s. The trooper repeatedly asked Carlos if he had a green card. The officer told Carlos he is not supposed to be working in this country. He told us not to get down from the van and that if we did he would shoot. He said we should stay put if no one wanted to die tonight. The officer told Carlos to follow him to immigration. Only two officers took us to immigration. On our way to immigration they stopped us once again underneath a bridge. The officer checked the van to make sure that no one was trying to escape. We stayed at immigration for 5-6 hours. We were not allowed to use the phone. They gave us a paper to sign stating that we were responsible to present ourselves in front of a judge. They would only let us leave if we 1-agreed to appear in front of a judge, 2-left the country immediately, or 3-stated that we were requesting political asylum. I signed the paper.

**<u>Interrogatory No. 6:</u>** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**<u>Response No. 6:</u>**

See allegations as stated in Plaintiff's Complaint

**<u>Interrogatory No. 7:</u>** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**<u>Response No. 7:</u>** Trooper Chabot asked Carlos where we were going and he asked him if the passengers had i.d. Trooper Chabot repeatedly asked Carlos if he had a green card. Carlos told the Trooper he was taking us to work. The Trooper asked him, "who pays you to do this". Carlos told him that the people in the van pay for the ride. The Trooper also said not to move and if we did he could shoot. He said we should stay put if no one wanted to die tonight. Trooper Chabot opened the back doors of the van. When one passenger produced a Guatemalan i.d., Tooper Chabot looked at it and said, "What the fuck is this?". Trooper Chabot slammed the back doors of the van.

**<u>Interrogatory No. 8:</u>** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**<u>Response No. 8:</u>** See Plaintiff's response to Interrogatory No. 7. In addition, while we were following the police on Route 95 North, Carlos told us to sit quietly and not move too much because we were going to Immigration.

# EXHIBIT Q-12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, JOSE BURGOS', RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT TROOPER THOMAS CHABOT.**

Now comes the Plaintiff and responds to Defendant Trooper Thomas Chabot's Interrogatories as follows:

**Interrogatory No. 1:** Set forth the full name of the person answering these interrogatories and any other names by which you have been known; date of birth; social security number; marital status; residence address used during the past five (5) years; business address and occupation; and the name and occupation of any person assisting you in the preparation of these answers.

**Response No. 1:**

Name: Jose Antonio Burgos
Name of Translator Assisting with Answers: Jessica Pareja
DOB: 9/19/67
SSN: Not applicable. Plaintiff does not have a social security number.
Marital Status: Married.
Residence Address: 326 Lowell Ave., Apt. 1; Providence, RI
Other Addresses for the Past 5 years: Prior to living in Rhode Island, I lived in Union City, NJ for 5 years.
Business Address and Occupation: Simcoe & Sons, Inc. (f/k/a R & B, Inc.), 46 Airport Road, Westerly, RI 02891. I work polishing jewelry.

**Interrogatory No. 2:** State names, addresses and phone number of any and all persons whom you believe have any knowledge or information pertaining to the events complained of, their causes or consequences and set forth what information you know or believe such person or persons have, and how such person or persons acquired such knowledge.

**Response No. 2:**

The following individuals have knowledge or information pertaining to threats complained of insofar as such individuals are witnesses to the events complained of; Elsa Hernandez Vila Vicencio, Wendy M. Estrada, Guilfredo E. Munoz, Carlos E. Tamup, Cruz F. Rivera, Astrid E. Estrada, Rolando Noriega, Abelino M. Urizar, Israel Tebalan, Jose A. Aquino, Boris R. Cruz.

**Interrogatory No. 3:** State the names and addresses of those persons who have given you, or your attorney or any other person, firm or corporation acting on your behalf, statements, reports, voice recordings, or memoranda relating to the matter complained of, its causes or consequences and provide the date of each item, and the names and address of the person, firm or corporation who now has possession or custody of such item.

**Response No. 3:**

None.

**Interrogatory No. 4:** Did you or anyone working on your behalf have any conversation(s) with any defendants, or any person acting on any defendant's behalf, related to the acts or omissions alleged in the complaint?

If your answer is yes, state:

A. The date and substance of each and every conversation;
B. The location of each and every conversation and whether it was in person, by phone or any other means;
C. The name and address of each and every person or witness who has knowledge of each conversation;
D. Identify the nature, substance and location of each and every document or tangible thing that relates to each and every conversation.

**Response No. 4:**

The Plaintiff objects to the within Interrogatory on the grounds that the information sought is overbroad and unduly burdensome. Plaintiff further objects on the grounds that said conversations and communication are protected by attorney client privilege. Without waiving said objection, and subject thereto, Plaintiff responds as follows:

See Attached Exhibit 1 wherein documentation regarding any conversations and additional communication anyone acting on my behalf had with anyone related to the acts or omissions alleged in the complaint are contained. Each document indicates the date, substance, and name and address of the parties engaging in any communication.

**Interrogatory No. 5**: Please describe in detail what occurred on July 11, 2006 from either the time you first learned the van you were riding in was being stopped by a State Police cruiser or when you first saw the State Police cruiser behind the van you were riding in on Route 95 whichever occurred first until the time you were released from the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 5:**

On July 11, 2006 we were traveling on Route 95 South when the police stopped us. The officer asked the driver for his documents. The trooper brought the driver down from the vehicle three times to check him. He asked us for our i.d.s but not everyone had one. He asked a second time for i.d.s. He got mad and slammed the door. I could not understand everything he was saying. He took us to Immigration and stopped us again on the way there. When we stopped, he checked the doors of the van. There was a police car in front of us and behind us. We stayed at Immigration until the afternoon. I signed the paper and I left.

**Interrogatory No. 6:** Please describe in detail what you believe Defendant Trooper Thomas Chabot did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Interrogatory No. 7:** Please set forth and describe any and all conversation you heard Defendant Trooper Thomas Chabot have with any occupant of the van on July 11, 2006.

**Response No. 7:**

I could not understand the Trooper very much. His tone was angry.

**Interrogatory No. 8:** Please describe all statements you heard Plaintiff Carlos E. Tamup make from the time the van began to pull over to the breakdown lane on Route 95 on July 11, 2006 until you arrived at the U.S. Immigration and Customs Enforcement in Providence.

**Response No. 8:**

Carlos told us to sit down and not to move because they could shoot us. He told us not to try to escape. He said we were going to Immigration.

**Interrogatory No. 9:** Do you believe that Trooper Chabot was wrong to stop the van you were riding in on July 11, 2006.

A. If your answer is yes, why do you believe Trooper Chabot was wrong to stop the van you were in on July 11, 2006?

**Response No. 9:**

No, I do not believe Trooper Chabot's stop of the van in and of itself was problematic.