# EXHIBIT V-1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ABELINO M. URIZAR'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Abelino M. Urizar, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

Abelino M. Garcia U.
ABELINO M. URIZAR

Signed under the pains and penalties of perjury, on this 25 day of 10, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

Stephanie Mc
Notary Public

Stephanie McConkey
Please print name

1-11-11
My commission expires

OFFICIAL SEAL
STEPHANIE P McCONKEY
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 1-11-2011

# EXHIBIT V-2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** Plaintiffs | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, CARLOS E. TAMUP'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Carlos E. Tamup, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

__Interrogatory No. 8:__ Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

__Response No. 8:__

Yes. See allegations as stated in Plaintiff's Complaint.

__Supplemental Response No. 8:__

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

Carlos Tamup
CARLOS E. TAMUP

Signed under the pains and penalties of perjury, on this 25th day of October, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

Notary Public

Michael Posher
Please print name

1/24/07
My commission expires

Submitted by:

V. Edward Formisano (#5512)
SINAPI, FORMISANO, & CO., LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

TO: Brenda D. Baum, Esq.
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that on this 29 day of October, 2007, I mailed a copy of the within document to the above-named counsel of record, postage pre-paid, first class mail.

# EXHIBIT V-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ISRAEL TEBALAN'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Israel Tebalan, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

Israel Tebalan
ISRAEL TEBALAN

Signed under the pains and penalties of perjury, on this 25 day of 10, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

[signature]
Notary Public

Stephanie McConkey
Please print name

1-11-11
My commission expires

OFFICIAL SEAL
STEPHANIE P. McCONKEY
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 1-11-2011

# EXHIBIT V-4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** Plaintiffs | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, JOSE A. AQUINO'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Jose A. Aquino, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

[signature]
JOSE A. AQUINO

Signed under the pains and penalties of perjury, on this 25 day of 10, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

[signature]
Notary Public

Stephanie McConkey
Please print name

1-11-11
My commission expires

OFFICIAL SEAL
STEPHANIE P McCONKEY
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 1-11-2011

Submitted by:

V. Edward Formisano (#5512)
SINAPI, FORMISANO, & CO., LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

TO: Brenda D. Baum, Esq.
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that on this 29 day of October, 2007, I mailed a copy of the within document to the above-named counsel of record, postage pre-paid, first class mail.

# EXHIBIT V-5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,
Plaintiffs

v. C.A. No.:07-10ML

STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island,
Defendants

**PLAINTIFF, CRUZ F. RIVERA'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Cruz F. Rivera, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

CRUZ F. RIVERA

Signed under the pains and penalties of perjury, on this 25TH day of October, 2007.

Subscribed and sworn before me on this 26TH day of October, 2007.

Notary Public

Michael P. Pusacc

Please print name

1/24/07

My commission expires

# EXHIBIT V-6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ROLANDO NORIEGA'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Rolando Noriega, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

Rolando-Noriega
ROLANDO NORIEGA

Signed under the pains and penalties of perjury, on this 25 day of Oct, 2007.

Subscribed and sworn before me on this 25 day of Oct, 2007.

[signature]
Notary Public

MICHAEL PUSHEE
Please print name

11/24/07
My commission expires

# EXHIBIT V-7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, ELSA HERNANDEZ VILAVICENCIO'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Elsa Hernandez Vilavicencio, and hereby supplements her response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

ELSA HERNANDEZ VILAVICENCIO

Signed under the pains and penalties of perjury, on this 25th day of Oct, 2007.

Subscribed and sworn before me on this 26th day of Oct, 2007.

Notary Public

Michael Pusvec
Please print name

11/24/07
My commission expires

# EXHIBIT V-8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, WENDY M. ESTRADA'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Wendy M. Estrada, and hereby supplements her response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

WENDY M. ESTRADA

Signed under the pains and penalties of perjury, on this 25TH day of OCT, 2007.

Subscribed and sworn before me on this 25TH day of OCT, 2007.

Notary Public

MICHAEL PUSHE
Please print name

11/24/07
My commission expires

# EXHIBIT V-9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,**
**Plaintiffs**

**v.** **C.A. No.:07-10ML**

**STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island,
**Defendants**

**PLAINTIFF, ASTRID G. ESTRADA'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Astrid G. Estrada, and hereby supplements her response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

[signature]
ASTRID G. ESTRADA

Signed under the pains and penalties of perjury, on this 25TH day of October, 2007.

Subscribed and sworn before me on this 25TH day of October, 2007.

[signature]
Notary Public

Michael P. Pesitee
Please print name

11/24/07
My commission expires

# EXHIBIT V-10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | |
| v. | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | |

**PLAINTIFF, BORIS R. CRUZ'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Boris R. Cruz, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

Boris R. Cruz
BORIS R. CRUZ

Signed under the pains and penalties of perjury, on this 25TH day of Oct, 2007.

Subscribed and sworn before me on this 25TH day of Oct, 2007.

[signature]
Notary Public

Michael Poshier
Please print name

11/24/07
My commission expires

# EXHIBIT V-11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:07-10ML** |
| **STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

**PLAINTIFF, GUILFREDO E. MUNOZ'S, SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Guilfredo E. Munoz, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

GUILFREDO E. MUNOZ

Signed under the pains and penalties of perjury, on this 26th day of October, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

Notary Public

Michael Pushe
Please print name

11/24/07
My commission expires

# EXHIBIT V-12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,
Plaintiffs

v. C.A. No.:07-10ML

STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARE, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island,
Defendants

**PLAINTIFF, JOSE BURGOS', SUPPLEMENTAL RESPONSE TO INTERROGATORIES PROPOUNDED BY DEFENDANT SUPERINTENDENT STEVEN M. PARE.**

Now comes the Plaintiff, Jose Burgos, and hereby supplements his response to Defendant Superintendent Steven M. Paré's Interrogatories as follows:

**Interrogatory No. 6:** Please describe in detail what you believe Superintendent Steven M. Paré did wrong with respect to the incident in your complaint.

**Response No. 6:**

See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 6:**

My attorney advises me that Defendant Steven M. Paré is responsible for, inter alia, appointment and supervision of state police, including Trooper Thomas Chabot. He is further responsible for preparing rules and regulations for law enforcement.

On or about July 11, 2006, Trooper Thomas Chabot pulled over a van driven by Plaintiff Tamup for failure to use a turn signal. Plaintiff Tamup produced a driver's license, vehicle registration, and proof of insurance. A criminal check of Plaintiff Tamup was negative and Plaintiff Tamup's

license was valid. Despite the negative criminal check and valid license, without cause, Trooper Chabot began to question the passengers of the van and demand that the passengers produce identification. When several of the passengers were unable to produce said identification, Trooper Chabot, without cause, conducted a pat down of Plaintiff Tamup. Trooper Thomas Chabot, using Plaintiff Tamup as a translator, also verbally threatened myself and the other passengers of the van telling us that he would shoot if we tried to escape. No Plaintiff gave Trooper Chabot any cause to undertake the aforementioned actions. In addition, Trooper Chabot further detained the Plaintiffs by escorting them to the Office of Immigration and Customs Enforcement. The other Plaintiffs and myself were unreasonably searched and seized and were detained without legal cause.

Superintendent Paré failed or refused to carry out his obligations in his position as Superintendent of the Department.

**Interrogatory No. 8:** Do you believe that Defendant Superintendent Steven M. Paré discriminated against you? If your answer is yes, please describe what you base this belief on.

**Response No. 8:**

Yes. See allegations as stated in Plaintiff's Complaint.

**Supplemental Response No. 8:**

See Plaintiff's Supplemental Response No. 6. In further response, the Plaintiff states that upon information and belief, Trooper Thomas Chabot did perform a pat down of Plaintiff Tamup and sought identification from the passengers of the van after observing that they were Hispanic and that many of them did not speak English. Trooper Chabot had no cause to search, seize or otherwise detain the Plaintiffs.

José Burgos
JOSE BURGOS

Signed under the pains and penalties of perjury, on this 25th day of October, 2007.

Subscribed and sworn before me on this 25th day of October, 2007.

Stephanie McConkey
Notary Public

Stephanie McConkey
Please print name

1-11-11
My commission expires

OFFICIAL SEAL
STEPHANIE P. McCONKEY
NOTARY PUBLIC – RHODE ISLAND
My Comm. Expires 1-11-2011