# EXHIBITS A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,** **Plaintiffs** | : | |
| v. | : | **C.A. No.:** 07-10ML |
| **STATE OF RHODE ISLAND**, State Police Department, **STEVEN M. PARE**, individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island, **Defendants** | : | |

## COMPLAINT

### I. Introduction

This action is brought by Plaintiffs seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of 42 U.S.C. §1981, the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §2 of the Rhode Island Constitution, Article I, §6 of the Rhode Island Constitution, the Racial Profiling Prevention Act of 2004, R.I.G.L. §31-21.2-1, *et seq.*, and common law.

### II. Parties

1. At all relevant times, Plaintiff Astrid G. Estrada ("Astrid Estrada") was a resident of the City of Providence, County of Providence, State of Rhode Island.

2. At all relevant times, Plaintiff Wendy M. Estrada ("Wendy Estrada") was a resident of the City of Providence, County of Providence, State of Rhode Island.

3. At all relevant times, Plaintiff Guilfredo E. Munoz ("Munoz") was a resident of the City of Providence, County of Providence, State of Rhode Island.

4. At all relevant times, Plaintiff Jose A. Aquino ("Aquino") was a resident of the City of Providence, County of Providence, State of Rhode Island.

5. At all relevant times, Plaintiff Cruz F. Rivera ("Rivera") was a resident of the City of Providence, County of Providence, State of Rhode Island.

6. At all relevant times, Plaintiff Carlos E. Tamup ("Tamup") was a resident of the City of Providence, County of Providence, State of Rhode Island.

7. At all relevant times, Plaintiff Jose Burgos ("Burgos") was a resident of the City of Providence, County of Providence, State of Rhode Island.

8. At all relevant times, Plaintiff Abelino M. Urizar ("Urizar") was a resident of the City of Providence, County of Providence, State of Rhode Island.

9. At all relevant times, Plaintiff Israel Tebalan ("Tebalan") was a resident of the City of Providence, County of Providence, State of Rhode Island.

10. At all relevant times, Plaintiff Rolando Noriega ("Noriega") was a resident of the City of Providence, County of Providence, State of Rhode Island.

11. At all relevant times, Plaintiff Boris R. Cruz ("Cruz") was a resident of the City of Providence, County of Providence, State of Rhode Island.

12. At all relevant times, Plaintiff Boris R. Cruz ("Cruz") was a resident of the City of Providence, County of Providence, State of Rhode Island.

13. At all relevant times, Plaintiff Elsa Hernandez Vilavicencio ("Vilavicencio") was a resident of the City of Providence, County of Providence, State of Rhode Island.

14. Defendant State of Rhode Island ("State") is sued on the basis of official acts and/or omissions committed by employees and agents of the Rhode Island State Police ("Department"), a department created pursuant to R.I.G.L. §42-28-1, et seq., within the executive branch of state government, which said State is a sovereign state of the United States and is subject to the jurisdiction of this Court in accordance with its express waiver of sovereign immunity pursuant to R.I.G.L. §9-31-1. Marrapese v. Rhode Island, 500 F.Supp. 1207 (D.R.I. 1980); Saunders v. State, 446 A.2d 748, 751 (R.I. 1982).

15. Defendant Steven M. Pare ("Pare") is the Superintendent of the Department and is responsible for, inter alia, providing a uniformed force for law enforcement, appointment and supervision of state police, preparing rules and regulations for law enforcement, maintaining facilities for crime detection and suppression, and controlling traffic and maintaining safety on highways. R.I.G.L. §§42-28-2 and 3. Defendant Pare is sued in his individual and official capacities as Superintendent of the Department for his failure or refusal to carry out his foregoing obligations in breach of his duty of care owed to the Plaintiffs and with deliberate indifference to and/or reckless disregard of the serious foreseeable harm posed to the Plaintiffs.

16. Defendant Thomas Chabot ("Chabot") is sued individually and in his official capacity as a state trooper within the Department employed by the State.

17. Defendant Jane Doe ("Doe") is sued individually and in her official capacity as a state trooper within the Department employed by the State.[1]

[1] At this time, a fictitious name is being used for an individual Defendant whose identity could not be established despite reasonable diligence by Plaintiffs to identify said Defendant.

### III. Jurisdiction

18. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202.

### IV. Venue

19. Venue is proper in this Court since all of the Defendants reside or may found in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

20. All of the Plaintiffs are Hispanic.

21. On or about July 11, 2006, Plaintiffs were traveling in a Dodge passenger van on Route 95 in Richmond, Rhode Island, that was operated by Plaintiff Tamup.

22. That while the Plaintiffs were traveling on Route 95, a marked state police cruiser, operated by Defendant Chabot, pulled behind Plaintiffs van and engaged its overhead lights after the operator of the van failed to use its turn signal.

23. Plaintiff Tamup immediately pulled the vehicle to the side of the road and stopped the vehicle.

24. Defendant Chabot exited his cruiser and approached Plaintiffs' motor vehicle.

25. Defendant Chabot then requested that Plaintiff Tamup produce his license, the vehicle's registration, and proof of insurance.

26. Plaintiff Tamup gave the foregoing items to Defendant Chabot, and Defendant Chabot returned to his police cruiser.

27. Defendant Chabot conducted a criminal check of Plaintiff Tamup and checked the status of his operator's license. The results of the criminal check were negative and Plaintiff Tamup's license was valid.

28. Within a few minutes, Defendant Chabot returned to Plaintiffs' vehicle.

29. At that time, Defendant Chabot opened the front and rear passenger doors of the vehicle and, by utilizing Plaintiff Tamup as a translator, requested that Plaintiffs Astrid Estrada, Wendy Estrada, Munoz, Aquino, Rivera, Burgos, Urizar, Tebalan, Noriega, Cruz and Vilavicencio present a form of identification.

30. While a few of the Plaintiffs were able to produce Guatemalan Consular documents, most of the Plaintiffs did not possess any form of identification.

31. Defendant Chabot then asked the Plaintiffs if they possessed any documents demonstrating their U.S. citizenship.

32. None of the Plaintiffs were able to produce such documents.

33. Defendant Chabot then told Plaintiff Tamup to exit the vehicle, and asked him, "Why are you transporting undocumented persons?" Defendant Chabot then conducted a *Terry* pat of Plaintiff Tamup.

34. Thereafter, Defendant Doe arrived at the scene and conferred with Defendant Chabot.

35. Defendant Chabot conducted another *Terry* pat of Plaintiff Tamup.

36. Defendants Chabot and/or Doe then advised the Plaintiffs that, on account of the lack of identification, they were being escorted in the van to the Office of Immigration and Customs Enforcement ("ICE") located in Providence, Rhode Island.

37. Defendant Chabot instructed Plaintiff Tamup that he was responsible for the vehicle's passengers, and that if any passenger attempted to escape from the van en route to Providence, that passenger would be shot.

38. Defendants Chabot and Doe then escorted the Plaintiffs to ICE.

39. That Defendants State and Pare failed to properly select, train, instruct, supervise and discipline officers in the Department, including Defendants Chabot and Doe, relative to the proper manner in which to effectuate a lawful search, seizure, detention, and motor vehicle stop.

40. That on information and belief, during all relevant time periods, a custom or policy existed in the State Police Department wherein police misconduct was encouraged, acquiesced to or condoned or in which Defendants were deliberately indifferent to such misconduct.

41. The State is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of their agents, including Defendants Chabot and Doe, state troopers employed by the State Police Department and under the direct supervision of Defendant Pare, whose acts and/or omissions were within the scope of their employment, were the proximate cause of the injuries suffered by the Plaintiffs. R.I.G.L. §9-31-1.

42. The Defendants knew or should have known that the search, seizure, and detention of the Plaintiffs were without reasonable or probable cause and were therefore unlawful under the circumstances. Despite such knowledge, the State, by and through their policy-making officials and agents, approved, acquiesced to, condoned, intentionally ignored, or were deliberately indifferent to the practice of routinely searching, seizing, and detaining individuals without legal cause, and failed to change or eliminate such unlawful policy.

43. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to Plaintiffs' constitutionally and statutorily protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiffs' civil rights and would cause Plaintiffs great harm.

44. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, these described herein, Plaintiffs have suffered, and will continue to suffer, severe mental anguish, embarrassment, pain and suffering, deprivation of their civil rights, and other great harm.

## VI. Claims for Relief

45. Plaintiffs incorporate in the counts below the allegations contained in ¶¶ 1–44 above.

### Count One
### Negligence

46. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, breached the duty of care owed to Plaintiffs thereby causing Plaintiffs to sustain reasonably foreseeable harm and damages as aforesaid.

### Count Two
### Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983

47. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiffs to be illegally searched and seized in derogation of Plaintiffs' constitutional right to be free from unreasonable searches and seizures, causing Plaintiffs to sustain damages as aforesaid, and thereby deprived Plaintiffs of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Three
### Unlawful Discrimination in Violation of 42 U.S.C. §1983

48. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiffs to be discriminated against and profiled based on their race in derogation of Plaintiffs' constitutional right to be free from unlawful racial discrimination and profiling, causing Plaintiffs to sustain damages as

aforesaid, and thereby deprived Plaintiffs of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Four**
**Deprivation of Civil Rights in Violation of 42 U.S.C. §1981**

49. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiffs to be illegally searched and seized and unlawfully discriminated against in derogation of Plaintiffs' civil rights, causing Plaintiffs to sustain damages as aforesaid, and thereby deprived Plaintiffs of rights secured under 42 U.S.C. §1981.

**Count Five**
**Unlawful Discrimination in Violation of Article I, §2 of the Rhode Island Constitution**

50. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiffs to be unlawfully discriminated against in derogation of Plaintiffs' constitutional right to be free from unlawful racial discrimination, causing Plaintiffs to sustain damages as aforesaid, and thereby deprived Plaintiffs of rights secured under Article I, §6 of the Rhode Island Constitution.

**Count Six**
**Unreasonable Search and Seizure in Violation of Article I, §6 of the Rhode Island Constitution**

51. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiffs to be illegally searched and seized in derogation of Plaintiffs' constitutional right to be free from unreasonable search and seizures, causing Plaintiffs to sustain damages as aforesaid, and thereby deprived Plaintiffs of rights secured under Article I, §6 of the Rhode Island Constitution.

**Count Seven**
**Unlawful Racial Profiling in Violation of 31-21.2-1, *et seq.***

52. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiffs to be unlawfully discriminated against and profiled based on their race in derogation of Plaintiffs' statutory right to be free from unlawful racial discrimination and profiling, causing Plaintiffs to sustain damages as aforesaid, and thereby deprived Plaintiffs of rights secured under the Racial Profiling Prevention Act of 2004.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

a. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981, Article I, §2 of the Rhode Island Constitution, Article I, §6 of the Rhode Island Constitution, and the Racial Profiling Prevention Act of 2004 by causing Plaintiffs to be unlawfully searched and seized.

b. An award of compensatory damages.

c. An award of punitive damages.

d. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988 and 31-21.2-4.

e. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiffs hereby designate V. Edward Formisano, Esquire, as trial counsel.

Plaintiffs,
By their Attorneys,

Dated: January 8, 2007

V. Edward Formisano (#5512)
**American Civil Liberties Union,**
**Rhode Island Affiliate**
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690 (401)943-9040 (facsimile)

# EXHIBITS B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOES A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO : | |
| V. : | C.A. No.: 07-10ML |
| STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT,, individually and in his official capacity as a state trooper employed by the State of Rhode Island,, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island : | |

**ANSWER**

Now come the State of Rhode Island, State Police Department, Steven M. Parè, individually, and in his office capacity as Superintendent of the Rhode Island State Police, Thomas Chabot, individually and in his official capacity as a State Trooper employed by he State of Rhode Island (hereinafter "These Defendants") and file this, their Answer, as follows:

**I. Introduction**

The Introduction states a legal conclusion to which no response in necessary, but to the extent it alleges facts, it is denied.

**II. Parties**

1. These Defendants do not have sufficient information or belief to respond to Paragraph 1 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

2. These Defendants do not have sufficient information or belief to respond to Paragraph 2 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

3. These Defendants do not have sufficient information or belief to respond to Paragraph 3 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

4. These Defendants do not have sufficient information or belief to respond to Paragraph 4 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

5. These Defendants do not have sufficient information or belief to respond to Paragraph 5 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

6. These Defendants do not have sufficient information or belief to respond to Paragraph 6 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

7. These Defendants do not have sufficient information or belief to respond to Paragraph 7 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

8. These Defendants do not have sufficient information or belief to respond to Paragraph 8 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

9. These Defendants do not have sufficient information or belief to respond to Paragraph 9 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

10. These Defendants do not have sufficient information or belief to respond to Paragraph 10 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

11. These Defendants do not have sufficient information or belief to respond to Paragraph 11 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

12. These Defendants do not have sufficient information or belief to respond to Paragraph 12 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

13. These Defendants do not have sufficient information or belief to respond to Paragraph 13 of Plaintiffs' Complaint and, therefore, on that basis, denies it.

14. These Defendants admit that the State of Rhode Island is a sovereign State of the United States of America. These Defendants admit that the Rhode Island State Police is a department within the executive branch of the State government. These Defendants deny that the State has waived its sovereign immunity. The remainder of Paragraph 14 states a legal conclusion to which no response is necessary, to the extent it alleges facts, it is denied.

15. These Defendants admit that Defendant Steven M. Parè was the Superintendent of the Rhode Island State Police on July 11, 2006. These Defendants state that the first sentence of Paragraph 15 states a legal conclusion to which no response is necessary. These Defendants deny sentence 2 of Paragraph 15 of Plaintiff's Complaint.

16. These Defendants admit that Defendant Thomas Chabot is a member of the Rhode Island State Police. The remainder of Paragraph 16 states a legal conclusion to which no response is necessary.

17. These Defendants do not have sufficient information or belief to respond to Paragraph 17 of Plaintiffs' Complaint and on that basis, denies it.

## III. Jurisdiction

18. Paragraph 18 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, but to the extent it alleges facts, it is denied.

## IV. Venue

19. Paragraph 19 of Plaintiffs' Complaint states a legal conclusion to which no response is necessary, but to the extent it alleges facts, it is denied.

## V. Material Facts

20. These Defendants leave Plaintiffs to their burden of proof.

21. These Defendants admit that on July 11, 2006 a gray passenger van was traveling on Route 95 in Richmond, Rhode Island. These Defendants admit that Plaintiff Tamup was the operator of the passenger van. To the extent Paragraph 21 of Plaintiffs' Complaint alleges other facts, these Defendants leave Plaintiffs to their burden of proof.

22. These Defendants deny Paragraph 22 of Plaintiffs' Complaint.

23. These Defendants admit that Plaintiff Tamup pulled his vehicle to the side of the road and stopped. To the extent Paragraph 23 of Plaintiffs' Complaint alleges other facts, these Defendants leave them to their burden of proof.

24. These Defendants admit Paragraph 24 of Plaintiffs' Complaint.

25. These Defendants admit that Defendant Trooper Chabot did ask the driver of the van for his license and the vehicle's registration. To the extent Paragraph 25 of Plaintiffs' Complaint alleges other facts, these Defendants leave them to their burden of proof.

26. These Defendants deny Paragraph 26 of Plaintiffs' Complaint.

27. These Defendants admit that when Trooper Chabot returned to his cruiser he checked and learned that Plaintiff Tamup was negative for NCIC and local files and his license was active. To the extent Paragraph 27 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

28. These Defendants admit that Defendant Trooper Chabot did at some point return to Plaintiffs' vehicle. To the extent it alleges other facts, it is denied.

29. These Defendants deny Paragraph 29 of Plaintiffs' Complaint.

30. These Defendants deny Paragraph 30 of Plaintiffs' Complaint.

31. These Defendants admit that Trooper Chabot did at one point ask Plaintiff Tamup if any of the passengers had Immigration credentials. To the extent Paragraph 31 alleges of facts, it is denied.

32. These Defendants admit that Plaintiff Tamup told Trooper Chabot that none of the passengers had such papers. To the extent Paragraph 32 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

33. These Defendants deny Paragraph 33 of Plaintiffs' Complaint.

34. These Defendants admit that a trooper did arrive briefly at the scene. To the extent that Paragraph 34 of Plaintiffs' Complaint alleges other facts, Plaintiffs are left to their burden of proof.

35. These Defendants admit the Defendant Trooper Chabot did conduct a *Terry* pat of Plaintiff Tamup.

36. These Defendants deny Paragraph 36 of Plaintiffs' Complaint.

37. These Defendants deny Paragraph 37 of Plaintiffs' Complaint.

38. These Defendants deny Paragraph 38 of Plaintiffs' Complaint.

39. These Defendants deny Paragraph 39 of Plaintiffs' Complaint.

40. These Defendants deny Paragraph 40 of Plaintiffs' Complaint.

41. These Defendants deny Paragraph 41 of Plaintiffs' Complaint.

42. These Defendants deny Paragraph 42 of Plaintiffs' Complaint.

43. These Defendants deny Paragraph 43 of Plaintiffs' Complaint.

44. These Defendants deny Paragraph 44 of Plaintiffs' Complaint.

## VI. Claims for Relief

45. These Defendants incorporate by reference their responses to Paragraphs 1 though 44, inclusive, as if fully set forth herein.

### Count I

46. These Defendants deny Paragraph 46 of Plaintiffs' Complaint.

### Count II

47. These Defendants deny Paragraph 47 of Plaintiffs' Complaint.

Respectfully Submitted,

STATE OF RHODE ISLAND,
RHODE ISLAND STATE POLICE,

SUPERINTENDENT STEVEN PARÈ, in his Individual and official capacity as Superintendent of the Rhode Island State Police, and

THOMAS CHABOT, Individually and in his Official Capacity as a Trooper with the Rhode Island State Police,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum
BRENDA D. BAUM (#5184)
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Complaint fails to state a claim against these Defendants upon which relief can be granted in that it fails to allege a legally sufficient factual basis for a judgment against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

At all times material to matter alleged in the Complaint, these Defendants were in the exercise of due care and had, in good faith, duly fulfilled any and all duties owed to the Plaintiffs in this action, if, duties were owed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Defendants submit Plaintiffs' travel to Providence was voluntary.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The State of Rhode Island, State Agencies and State Officials in their Official Capacities are not "persons" for purposes of 42 U.S.C. §1983.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The State of Rhode Island, State Agencies and State Officials in their Official Capacities are not "persons" for purposes of 42 U.S.C. §1981.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to punitive damages against these Defendants.

**DEFENDANTS DEMAND A JURY TRIAL**

**WHEREFORE,** Defendants pray that judgment is issued, this case dismissed and the court order whatever other relief it deems just.

Respectfully Submitted,

STATE OF RHODE ISLAND,
RHODE ISLAND STATE POLICE,

SUPERINTENDENT STEVEN PARÈ, in his Individual and official capacity as Superintendent of the Rhode Island State Police, and

THOMAS CHABOT, Individually and in his Official Capacity as a Trooper with the Rhode Island State Police,
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (#5184)
Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 2nd day of April, 2007, to the attorney(s) of record listed below:

**V. Edward Formisano, Esquire**
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

/s/ Brenda D. Baum