**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO** <br> **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-10ML** |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island** | : | |

**DEFENDANTS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come Defendants, pursuant to LR. Cv. 56(a)(1) as amended by Order Misc. No. 7673, and hereby submit a statement of disputed facts in opposition to Plaintiffs' motion for partial summary judgment.

1. Defendants have no objection to this paragraph.

2. Defendants object to statements in this paragraph to the extent that they are allegations and not material facts.

3. Defendants object to any statements in this paragraph other than the fact that Defendant Steven M. Pare was the Superintendent of the Rhode Island State Police on July 11, 2006.

4. Defendants object to the statements in this paragraph except for the fact that Defendant Thomas Chabot was a Rhode Island State Trooper on July 11, 2006.

5. Defendants have no objection to this paragraph.

6. Defendants object to the statement that Trooper Chabot "pulled behind Plaintiffs' van" while the Plaintiffs traveled on Route 95, as unsupported by the record.

7. Defendants have no objection to this paragraph. Answer at ¶ 23.

8. Defendants have no objection to this paragraph. Exhibit P-1: Video of Stop.[1]

9. Defendants object only on the ground that the record does not indicate whether Trooper Chabot requested "proof of insurance."

10. Defendants object. Trooper Chabot did not testify that he observed Plaintiff Tamup reach "in the direction of the van glove box." He testified that " whether or not he reached towards the glove box or not, I don't know." Exhibit M: Chabot Depo., p. 15.

11. Defendants object only on the ground that Trooper Chabot did not indicate that Plaintiff Tamup "immediately" provided his license and registration. Exhibit M: Chabot Depo., p. 16, lines 1-3.

12. Defendants object on the ground that this statement implies that Trooper Chabot asked Plaintiff Tamup where he was traveling during Trooper Chabot's first visit to the van. The record is not clear whether that Trooper Chabot asked that question at this point in the encounter. Trooper Chabot can not be heard asking about their destination of travel on the videotape recording of the initial portion of the encounter. Exhibit P-1: Video of Stop. It is also not entirely clear from Trooper Chabot's testimony that he asked Tamup about direction of travel at this point. Supplemental Exhibit M: Chabot Depo., pp. 16-17.

13. Defendants object on the ground that the record is unclear at what point in the encounter Plaintiff Tamup responded that the passengers were going to work in Westerly, Rhode Island. Exhibit P-1: Video of Stop; Supplemental Exhibit M: Chabot Depo., pp. 17-18.

14. Defendants object on the ground that Trooper Chabot did not use Plaintiff Tamup to translate a request for identification from Plaintiff Munoz. Exhibit J: Munoz

---

[1] The exhibits, which are referenced in this memorandum, are located in the Exhibits in Support of Defendants' Motion for Summary Judgment, with the exception of Supplemental Exhibit M. Supplemental Exhibit M contains further excerpts of the deposition of Trooper Chabot, and it has been filed with Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

Depo., pp. 16, 28-29. Munoz communicated directly with Trooper Chabot. Exhibit J: Munoz Depo., pp. 16, 28-29; Exhibit P-1: Video of Stop; Exhibit P-2: Transcript of Video of Stop.

Defendants also object to the order of events that is implied by this paragraph. Trooper Chabot himself asked the passengers collectively for "ID's." Exhibit L: Urizar Depo., p. 14; Exhibit D: Burgos Depo., p. 9, 18; Exhibit F: Aquino Depo., p. 11; Exhibit G: Cruz Depo., p. 24; Exhibit H: Noriega Depo., pp. 17-18; Exhibit I: Vila Vicencio Depo., p. 21, 27, 29; Exhibit K: Rivera Depo., pp. 19-20; Exhibit P-1: Video of Stop; Exhibit P-2: Transcript of Video of Stop. Trooper Chabot then told Tamup, "Carlos, you tell them that they all need ID's." Exhibit P-1: Video of Stop; Exhibit P-2: Transcript of Video of Stop. Trooper Chabot specifically requested identification from Plaintiff Guilfredo Munoz, who was seated in the front passenger seat. After receiving a name and date of birth from Munoz, Trooper Chabot then returned to his car. Exhibit J: Munoz Depo., pp. 12, 16; Exhibit P-1: Video of Stop; Exhibit P-2: Transcript of Video of Stop.

15. Defendants contest the sequence of events implied in the statements in this paragraph. None of the Plaintiffs, other than Tamup, appear to have provided identification to Trooper Chabot on the videotape depicting his first visit to the van. Exhibit P-1: Video of Stop. Therefore, the only reasonable inference is that the other Plaintiffs provided identification during a subsequent visit to the van by Trooper Chabot.

16. Defendants challenge the statements in this paragraph on the same grounds as ¶ 15. A request for immigration documentation is absent from the videotape recording of Trooper Chabot's first visit to the van. Exhibit P-1: Video of Stop; Exhibit P-2: Transcript of Video of Stop. Therefore, the only reasonable inference is that the request for immigration documentation occurred at a later time in the encounter than asserted by Plaintiffs.

17. Defendants object to this paragraph because Trooper Chabot's "hunch" was not the only reason he gave for requesting immigration documentation from the passengers. Trooper Chabot also testified that he requested said documentation "[b]ecause nobody had any identification on them whatsoever." Supplemental Exhibit M: Chabot Depo., p. 21-22.

18. Defendants object to the sequence of events implied in the statements in this paragraph. Defendants also object to the substance of the statement in that Plaintiffs could not provide documentation of their immigration status not simply U.S. citizenship. Exhibit B: A. Cabrera Depo., p. 24; Exhibit H: Noriega Depo., pp. 21-22; Exhibit I: Vila Vicencio Depo., pp. 31; Exhibit J: Munoz Depo., p. 17. Additionally, most of the Plaintiffs did not even provide documentation of their identity. Exhibit A: Tamup Depo., p, 14; Exhibit C: W. Cabrera Depo., p. 17; Supplemental Exhibit M: Chabot Depo., p. 21; Exhibit I: Vila Vicencio Depo., p. 29, 31; Exhibit K: Rivera Depo., pp. 20, 23; Exhibit B: A. Cabrera, pp. 21-22.

19. Defendants object to the sequence of events implied in the statements in this paragraph. There is also no support in the record that Trooper Chabot asked Tamup this specific question.

20. Defendants object to the sequence of events implied in the statements in this paragraph, but do not contest that this event occurred.

21. Defendants object to this statement because Trooper Chabot was not able to observe Tamup actions inside the van for the entire period of time prior to the first pat down. Supplemental Exhibit M: Chabot Depo., p. 23, lines 14-21. Trooper Chabot had returned to his police vehicle prior to conducting the first pat down of Tamup. Exhibit P-1: Video of Stop.

22. Defendants contest the statement that the passengers remained "silent during the motor vehicle stop." By the Plaintiffs' own admission, some of them responded to the trooper's questions. Exhibit J: Munoz Depo., pp. 16, 28-29; Exhibit B: A. Cabrera, pp. 21-22, 24; Exhibit H: Noriega Depo., pp. 21-22. The Plaintiffs' testimony also indicates that they had discussions inside the van. Exhibit D: Burgos Depo., pp. 16, 24; Exhibit G: Cruz Depo., pp. 20-21, 31-32; Exhibit A: Tamup Depo., p. 20.

23. Defendants object to the sequence of events implied in the statements in this paragraph, but do not contest that this event occurred.

24. Defendants object to the wording of this statement. However, defendants do not contest that Trooper Chabot checked and learned that Plaintiff Tamup was negative for NCIC and local files and that his license was active. Exhibit N: Incident Report Narrative For Trooper Thomas Chabot.

25. Defendants have no objection to this statement.

26. Defendants object to the materiality of this statement. Defendants also object to the substance of the statement on the ground that Trooper Chabot also indicated that he contacted ICE "due to lack of credentials." Exhibit N: Incident Report Narrative For Trooper Thomas Chabot; Exhibit M: Chabot Depo., p. 27, lines 12-16.

27. The record is unclear whether the second pat down occurred at this point in the encounter or in a later visit to the van. <u>See</u> Exhibit P-1: Video of Stop; Supplemental Exhibit M: Chabot Depo., p. 27, lines 17-22; Exhibit N: Incident Report Narrative For Trooper Thomas Chabot, p. 2.

28. Defendants dispute the statement that Trooper Chabot "did not witness any 'unusual' behavior or movement by Plaintiff Tamup or the other Plaintiffs" between the first and second pat downs. Trooper Chabot testified that in between the two pat

downs, he "could not see Mr. Tamup." Supplemental Exhibit M: Chabot Depo., p. 28, lines 7-10.

29. Defendants contest the materiality of this statement. Defendants also dispute that Trooper Donahue arrived at the scene where the van had been stopped for the traffic violation.

30. Defendants dispute the statement that Trooper Chabot advised them that, "because they did not have identification, they were going to be escorted by the state police to ICE." Trooper Chabot advised Tamup "that due to the lack of identification of his passengers, the US Immigration office requested if they would respond to the Providence Office . . ." Exhibit N: Incident Report Narrative For Trooper Thomas Chabot. Trooper Chabot testified that he requested Tamup to appear at ICE. Supplemental Exhibit M: Chabot Depo., p. 31.

31. Defendants have no objection to this statement.

32. Defendants have no objection to this statement.

33. Defendants have no objection to this statement.

34. Defendants dispute that Trooper Chabot testified that a pat down is justified "to search for weapons." Trooper Chabot testified that a pat down is "done for weapons." Supplemental Exhibit M: Chabot Depo., p. 7, line 18.

35. Defendants contest Plaintiffs' statement in this paragraph. While he did testify that he was aware of one other instance where the State Police contacted ICE after a traffic stop, Trooper Chabot did not testify that "the occupants were unable to produce proof of U.S. citizenship" in that other instance. Supplemental Exhibit M: Chabot Depo., pp. 28-29. When specifically asked about those particular facts, Trooper Chabot replied, "I wasn't on that stop. I can't answer that question." Supplemental Exhibit M: Chabot Depo., p. 29.

36. Defendants object on the ground that Trooper Chabot's opinion regarding the similarity of the other stop is not a material fact.

Respectfully Submitted,

DEFENDANTS

By their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee

JAMES R. LEE (4305)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2314
Fax: (401) 222-2995
jlee@riag.ri.gov

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

/s/ John M. Moreira

JOHN M. MOREIRA (7371)
Special Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2411
Fax: (401) 222-3016
jmoreira@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 27th day of June, 2008, to the attorney(s) of record listed below:

**V. Edward Formisano, Esquire**
edf@sfclaw.com

/s/ John M. Moreira