**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants** | : | |

**PLAINTIFFS MOTION TO STRIKE AFFIDAVIT OF CORT BURKE**

Now come the Plaintiffs in the above-cited matter and do hereby move this Honorable Court, pursuant to Rule 37(C)(1) of the Fed.R.Civ.P., to strike and exclude from evidence the Affidavit of Cort Burke, which Defendants rely upon to support their Motion for Summary Judgment, and, as grounds therefor and in support thereof, Plaintiffs rely on their Memorandum of Law filed simultaneously herewith.

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant their motion and order that the Affidavit of Cort Burke be stricken and excluded from evidence.

PLAINTIFFS,
By their Attorneys,

Dated: June 30, 2008

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
American Civil Liberties Union,
Rhode Island Affiliate
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

# **CERTIFICATION**

To: James R. Lee, Assistant Attorney General
Brenda D. Baum, Assistant Attorney General
John M. Moreira, Special Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that the within document has been electronically filed with the Court on this 30th day of June, 2008 and is available for viewing and downloading from the ECF system and was sent by electronic mail to the above-referenced.

/s/ V. Edward Formisano

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **C.A. No.:07-10ML** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF CORT BURKE**

## I. Introduction

The Plaintiffs make this motion to strike and exclude Defendants' proffer of the Affidavit of Cort Burke ("Affidavit"). A copy of the Affidavit is attached hereto at Exhibit A.

During the course of this litigation, the Defendants have failed to provide any initial disclosures pursuant to Fed.R.Civ.P. 26(a). Further, on or about February 6, 2007, the Plaintiffs' propounded Plaintiffs' First Request for Production of Documents Addressed to Defendant State of Rhode Island ("State"). A copy of the first request for documents is attached hereto at Exhibit B. Defendant State responded to the first production request on or about March 14, 2007, and filed supplemental responses to same on or about April 18, 2007 and March 10, 2008. This Court's amended Scheduling Order, entered January 31, 2008, required discovery to be completed by April 16, 2008. The Affidavit was never produced by Defendants as part of their Rule 26(a)(1)(A)(ii) initial disclosures nor was Cort Burke identified as "an individual likely to have discoverable information…that the disclosing party may use to support its claims or defenses" pursuant to Rule 26 (a)(1)(A)(i). Furthermore, Defendant State failed and/or refused to produce the Affidavit as part of their discovery responses.

## II. Argument

Defendants failed to initially disclose Cort Burke as a person with discoverable knowledge or information of the facts or circumstances surrounding this matter and failed to provide the Plaintiffs a copy of his Affidavit pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i) and (ii). Rule 26(a)(1)(A)(i) and (ii) provides, in pertinent part:

> Except in categories of proceedings specified in Rule 26(a)(1)(B), or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name…of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

Cort Burke, as a Special Agent employed by U.S. Immigration and Customs Enforcement ("ICE") who allegedly requested that Defendant Thomas Chabot detain the Plaintiffs for further investigation by ICE, clearly possesses "discoverable information…that the disclosing party [Defendant State] may use to support its claims or defense." Fed.R.Civ.P. 26(a)(1)(a)(i). In addition, the Affidavit contains the sworn testimony of Cort Burke relative to, *inter alia*, his conversations with Defendant Chabot on July 11, 2006, his request to detain the Plaintiffs, and the Plaintiffs purported immigration status as compiled on July 11, 2006. Insofar as the Defendants have utilized the testimony of Cort Burke, through a written statement, to support their motion for summary judgment, it is clear that Cort Burke and the Affidavit are being used to support Defendants' claims. As such, the Defendants were required to disclose the name, address, and telephone number of Cort Burke to the Plaintiffs and produce the Affidavit pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i) and (ii).

Furthermore, on or about February 6, 2007, the Plaintiffs propounded Plaintiffs' First Request for Production of Documents Addressed to Defendant State.[1] Defendant State responded to the first production request on or about March 14, 2007, and filed supplemental responses to same on or about April 18, 2007 and March 10, 2008. Defendant State failed to include the Affidavit as part of its discovery responses.

Accordingly, insofar as the Defendants failed to provide any initial disclosures, pursuant to Fed.R.Civ.P. 26(a), relative to Cort Burke and/or the Affidavit, and failed to produce the Affidavit in response to document requests, the Defendants are precluded from relying on the Affidavit to support their motion for summary judgment pursuant to Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1)(emphasis added). Courts have consistently utilized Rule 37 to bar litigants from using non-disclosed information at the summary judgment stage. *Lohnes v. Level 3 Comm.*, 272 F.3d 49 (1st Cir. 2001)(failure to disclose the identity of

---

[1] Document Request No. 1 is as follows:

Produce copies of any and all reports, statements, records, diagrams, photographs, video or tape recordings, and maps, whether taken before, after, or during the incident (the word "incident" as hereinafter used shall refer to any and all matters alleged in Plaintiffs' Complaint and/or Defendants' defenses thereto and any damages flowing therefrom), or any other documents of any kind relating to the stop and search of the Plaintiffs on or about July 11, 2006, including, but not limited to, any investigation(s) of the incident with regard to the conduct of the Plaintiffs or any Rhode Island State Police Department member who was present at the scene of the incident or in any way involved in the incident, including the following:

(a) statements and/or interviews of witnesses, police officers and/or other persons who had any contact or involvement with the incident occurring on July 11, 2006;

(b) each and every police report, including internal investigations by the Rhode Island State Police Department ("Department") made on or subsequent to July 11, 2006. "Department" as used in this Request includes any person, body, or entity acting under or pursuant to said Department's authority, direction, or control; and,

(c) each and every incident report relating to the incident occurring on July 11, 2006. (emphasis added).

witness during discovery and then submitting the witness' affidavit 3 months after close of discovery required that affidavit be struck in ruling on motion for summary judgment); *U.S. v. M & T Mortgage Corp.*, 518 F. Supp.2d 108 (D.D.C. 2007)(failure to disclose information pertaining to witnesses as required by Rule 26(a) and (e) was cause to strike the written declarations of said witnesses used to support motion for summary judgment); *Cooley v. Great Southern Wood Preserving*, 2005 WL 1163608, *9 (11th Cir. 2005)(affidavits struck because plaintiffs neither listed the affiants of the contested affidavits in their initial disclosures under Rule 26(a), nor attempted to supplement their disclosures with this information under Rule 26(e)); *Quintanilla v. AK Tube LLC.*, 477 F.Supp.2d (N.D. Ohio 2007)(court struck affidavit used to oppose motion for summary judgment because affiant was not disclosed "as a possible witness" in plaintiff's initial disclosures pursuant to Rule 26(a)).

Based on the foregoing, the Affidavit should be stricken and Defendants should be precluded from utilizing the Affidavit to support their motion for summary judgment.

## III. Conclusion

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant their motion and order that the Affidavit of Cort Burke be stricken and excluded from evidence.

PLAINTIFFS,
By their Attorneys,

Dated: June 30, 2008

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
American Civil Liberties Union,
Rhode Island Affiliate
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CERTIFICATION**

To: James R. Lee, Assistant Attorney General
Brenda D. Baum, Assistant Attorney General
John M. Moreira, Special Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that the within document has been electronically filed with the Court on this 30th day of June, 2008 and is available for viewing and downloading from the ECF system and was sent by electronic mail to the above-referenced.

/s/ V. Edward Formisano