**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-10ML** |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island** | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF CORT BURKE**

Now come the Defendants, State of Rhode Island State Police, Superintendent Steven Pare and Trooper Thomas Chabot, and object to Plaintiffs' Motion to Strike the Affidavit of Cort Burke (Document 35-19). It would be inequitable to strike Burke's affidavit as Plaintiffs similarly failed to make "initial disclosures" under Rule 26 and Defendants' failure to formally identify Burke as "an individual likely to have discoverable information" is harmless.

Wherefore, Defendants pray the Motion to Strike Deportation Officer Cort Burke's affidavit is denied.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully Submitted,

DEFENDANTS

By their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 17th of July, 2008, to the attorney(s) of record listed below:

V. Edward Formisano, Esq.
edf@sfclaw.com

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-10ML** |
| | : | |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island** | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF CORT BURKE**

## I. INTRODUCTION

Defendants object to Plaintiffs' Motion to Strike the Affidavit of Cort Burke [Document 35-19]. Deportation Officer Burke's affidavit is Exhibit R filed by Defendants in support of their Motion for Summary Judgment. Plaintiffs claim that Cort Burke's affidavit should be stricken pursuant to Fed.R.Civ.P.37(c)(1) because the Federal officer was not identified as an "individual likely to have discoverable information", *see* Fed.R.Civ.P. (26)(a)(1)(A)(i), and the affidavit was not produced as a supplement to the



PDF created with pdfFactory trial version www.pdffactory.com

Defendants' response to Plaintiffs' Request for Production of Documents. *See also* Fed.R.Civ.P. (26)(a)(1)(A)(ii). Defendants object to the motion to strike as any failure to make a formal disclosure of Cort Burke's name as "an individual likely to have discoverable information" is harmless as his existence and interaction with Defendant Trooper Chabot on July 11, 2006 was known to Plaintiffs' counsel a year before discovery closed. Moreover, striking the affidavit would be inequitable as Plaintiffs similarly failed to make initial disclosures under Rule 26. Wherefore, Defendants pray that the motion to strike is denied.

## II. STATEMENT OF FACTS

On or about January 8, 2007, Plaintiffs filed the instant Complaint against the Rhode Island State Police, Superintendent Steven Pare and Trooper Thomas Chabot. [Document 1]. Neither the Plaintiffs nor the Defendants exchanged "initial disclosures" pursuant to Rule 26.

On February 6, 2007 Plaintiff propounded their First Request for Production of Documents. Exhibit A. Defendants responded to the request on March 14, 2007. Contained within the Defendants' response were, among other documents, a "Record of Deportable Alien" form for Plaintiff Israel Tebalan Tamup signed by Senior Special Agent C.G. Burke and a copy of Trooper Thomas Chabot's report. Exhibit B. Trooper Chabot's report states, in part:

> Approximately 3 minutes later, agent Cort Burke, of the R.I. Office of US Immigration and Customs Enforcement, located at 200 Dyer Avenue, Providence, contacted this writer. Agent Burke was advised of the motor vehicle stop and asked if their agency would be interested in the occupants of the vehicle. Agent Burke stated that due to the lack of identification and strong possibility that the occupants were illegal immigrants their office would identify all parties to learn their status. Agent Burke went on that if the occupants were willing to respond to his



PDF created with pdfFactory trial version www.pdffactory.com

> office they would process them accordingly. Trooper then stated that he would speak with TAMUP and contact agent Burke to advise.
>
> * * *
>
> Trooper than contacted agent Burke and advised that the van was responding to their office for processing. Agent Burke stated that he would be standing by for their arrival. At approximately 7:40 AM, Troopers T. Chabot and Donahue escorted the van to the Dyer Avenue location. At approximately 8:20 AM, Troopers were greeted by resident agent in charge David P. Riccio and agent Burke. …

Plaintiffs' counsel deposed Trooper Chabot on October 29, 2007 and specifically questioned him as to his recollection of the conversations with Agent Burke. Exhibit C. Plaintiffs never propounded interrogatories to the Defendants.

On January 20, 2008, the parties filed a joint motion to extend discovery deadlines. Document 26. The motion was granted on January 31, 2008 resetting the time so that discovery would close on April 16, 2008 and dispositive motions to be filed on May 1, 2008[1]. Plaintiffs never sought to conduct further discovery as to or depose Burke.

The affidavit of Deportation Officer Cort Burke[2] was executed on May 20, 2008 (Document 35-20), over a month after the closure of discovery and seven (7) days before the filing of summary judgment. *See* Footnote 1. The affidavit was obtained in support of Defendants' Motion for Summary Judgment. The Plaintiffs' decision not to investigate further or depose Burke cannot now be used as a sword to preclude his affidavit in support of summary judgment.

[1] The Defendants' filing of a dispositive motion was subsequently extended to May 27, 2008. Documents 32 and 34.

[2] On July 11, 2006, Burke held the title of Special Agent, United States Immigration and Customs Enforcement



PDF created with pdfFactory trial version www.pdffactory.com

## III. ARGUMENT

Plaintiffs ask this Court to strike and exclude the Defendants' offer of Cort Burke's affidavit in support of their Motion for Summary Judgment because "it was never produced by Defendants as part of their Rule 26(a)(1)(A)(ii) initial disclosures nor was Cort Burke identified as 'an individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses' pursuant to Rule 26(a)(1)(A)(i)" and the State "failed and/or refused to produce the Affidavit as part of their discovery response." Document 45 at p. 3. Plaintiffs' claims are not only hypocritical and inequitable but are also contradicted by the affidavit itself.

### i. Fed.R.Civ.P. 26(a)(1)(A)(i)

#### a. The Rule

Plaintiffs ask this Honorable Court to strike Deportation Officer Burke's affidavit because Defendants failed to formally make an "initial disclosure" that Burke may be an "individual likely to have discoverable information." Fed.R.Civ.P. 26(a)(1)(A)(i) provides that:

> (a) *In General*. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without waiting a discovery request, provide to the other parties:
>
> > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

Using Fed.R.Civ.P. 37 as the vehicle, Plaintiffs' assert that Burke's affidavit should be stricken based on Defendants' failure to comply with Rule 26(a)(1)(A)(i). Rule 37(c)(1) provides, in pertinent part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information



PDF created with pdfFactory trial version www.pdffactory.com

or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." By its plain language, Rule 37 does not "provide for mandatory sanctions, and the district court may find that a party's failure to include a witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." ***Davis v. U.S. Bancorp***, 383 F.3d 761, 765 (8th Cir.2004).

Plaintiffs should be estopped from seeking preclusion under Rule 37 as they also failed to make initial disclosures under Rule 26(a). It would be inequitable for Plaintiffs to profit from Rule 26(a) when they too failed to comply with its requirements. *See* *Greater St. Louis Construction Laborers Welfare Fund v. Mertens Plumbing and Mechanical Inc.*, 2007 WL 130665 (E.D.Mo. 2007) at *3-4. Addressing a similar discovery dispute, the United States District Judge in *Greater St. Louis Construction* denied Defendants' motion to strike the affidavit of two witnesses in the context of summary judgment. 2007 WL 130665 at *3-4. In so ruling, the district court explained:

> Defendants have filed a motion to strike the affidavits of Sherrie Schroder and Bernard Difani and the supporting documents because these witnesses were not disclosed by plaintiffs in initial disclosures. Defendants argue that plaintiffs' failure to comply with Rule26(a)(1) was not substantially justified and that they have been prejudiced by this failure.
>
> I will deny the motion to strike because both sides admit that they did not provide initial disclosures. It seems inequitable to me to allow defendants to lie in wait to seek to strike plaintiff's evidence because it was not disclosed when defendants have made no attempt to seek disclosure or to make disclosures of their own. Both parties are obligated to obey discovery rules, and if they are going to agree not to follow the case management order, they should not turn around and ask me to enforce an order they agreed to ignore.
>
> Additionally, I do not believe that defendants were prejudiced in any way by the failure to disclose these particular witnesses or documents. There has been no unfair surprise here-all the information was provided through court filings or discovery, or was obtained from defendants themselves as part of the litigation.



PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs' motion to strike in this case should similarly be rejected. Neither Plaintiffs nor Defendants made "initial disclosures" pursuant to Rule 26(a)(1)(A)(i). There has been no "unfair surprise" or prejudice in this case. Burke's identity and involvement were detailed in discovery responses and Plaintiffs apparently chose not to investigate Burke further or depose him. Moreover, if Burke's affidavit is stricken, Plaintiffs should similarly be barred from introducing any evidence at this stage or at trial.

Plaintiffs' motion to strike should be denied as the Defendants' failure to formally disclose Burke as a Rule 26(a)(1)(A)(i) person that is "likely to have discoverable information" is harmless. *See* ***Davis v. U.S. Bancorp***, 383 F.3d 761, 765 (8th Cir.2004)(District Court denied to strike affidavit of bank vice president under Rule 37 as "there was no unfair surprise" because Plaintiff was aware of role the bank played in processing her loan).

Plaintiffs have been aware as early as March 14, 2007, two (2)months after the filing of their complaint, that Burke was the ICE official who spoke to Trooper Chabot about the immigration status of the plaintiffs and requested that they be made available to ICE in Providence. Specifically, on March 14, 2007 Plaintiffs were provided with Trooper Thomas Chabot's report which noted the contact with Burke and Plaintiff Israel Tebalan Tamup's "Record of Deportable Alien" form signed by Burke– both documents were provided to Plaintiffs' counsel in response to their request for production of documents. Exhibit B. Additionally, during Trooper Chabot's deposition on October 29, 2007, Plaintiffs' counsel questioned the trooper regarding his contact with Burke, specifically citing the ICE agent by name. Exhibit C. It is undisputed that Plaintiffs were



PDF created with pdfFactory trial version www.pdffactory.com

aware as of March 14, 2007 that Immigration Official Cort Burke was an "individual likely to have discoverable information." Defendants' failure to make a formal disclosure of Burke's name pursuant to Rule 26(a)(1)(A)(i) is harmless. It would be inequitable to permit Plaintiffs' failure to or strategic decision not to depose Burke to now be used as weapon to strike his affidavit. Wherefore, Defendants pray that the motion to strike is denied.

**b. Plaintiffs' Case Law**

Plaintiffs cite four cases in support of their motion; all so factually distinguishable as to be inapposite to this case. Plaintiffs' reliance on ***Lohnes v. Level 3 Comm.***, 272 F.3d 49 (1st Cir.2001) to support the striking of Burke's affidavit is misplaced. In ***Lohnes***, the plaintiff submitted an affidavit from an unidentified expert in an effort to defeat summary judgment. The Defendant Level 3 filed a motion to strike. The First Circuit agreed with the district court's decision to disregard the expert affidavit, "plainly signal[ing] its approval of the motion to strike." 272 F.3d at 59. The First Circuit found that plaintiffs' unveiling of the expert and his opinion at the summary judgment stage deprived Defendant Level 3 of the "opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery." ***Id***. at 60. And that this was "exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate." ***Id***. Contrary to the ***Lohnes*** case, Cort Burke's name, his position with ICE, and his contact with Trooper Chabot *vis a vis* the Plaintiffs was disclosed to Plaintiffs through discovery responses over a year before Defendants' motion for summary judgment was filed. The Plaintiffs in this case were never deprived the opportunity to depose Burke. In fact, over a year passed from the March 2007



PDF created with pdfFactory trial version www.pdffactory.com

disclosure until discovery formally closed on April 16, 2008. The Plaintiffs' failure to investigate Burke's independent recollection of statements made on July 11, 2006 cannot now be used as a sword to defeat Defendants' motion for summary judgment. To exclude Burke's affidavit would be permitting the Plaintiffs to engage in an "unfair tactical advantage."

Plaintiffs also cite ***U.S. v. M&T Mortgage Corp.***, 518 F.Supp.2d 108 (D.C.Cir.2007) in support of their motion to strike. Similarly distinguishable, in ***M&T Mortgage***, the plaintiffs moved to strike declarations of three (3) individuals whose names were never identified despite "extensive discovery in the case" and, therefore plaintiff was not afforded an opportunity to conduct depositions. 518 F.Supp.2d at 114. Contrary to ***M&T Mortgage***, Plaintiffs' legal counsel was aware of Burke, his employment with ICE and contact with Plaintiffs and Defendant Trooper Chabot on July 11, 2006. Plaintiffs' had over a year to depose Burke before discovery closed and failed to do so.

Plaintiffs' reliance on ***Quintanilla v. AK Tube LLC.***, 477 F.Supp.2d 828 (N.D.OH 2007) is misplaced. In ***Quintanilla***, the District Court for the Northern District of Ohio struck the affidavit of Plaintiff's wife filed in opposition to summary judgment. 477 F.Supp.2d at 836. In so doing, the district court explained that Rule 26(a)(1(A)(i) "is enforced for good reasons, among them that notice of possible witnesses is consistent with full and fair disclosure, and disclosure allows opposing parties the opportunity, or at least the option, to conduct its own deposition or other investigation of the potential witness's statements. ***Id***. The Q***uintanilla*** Court struck the affidavit because the opposing party "had no notice and thus no opportunity to depose the [Plaintiff's wife]



PDF created with pdfFactory trial version www.pdffactory.com

because she was not listed in Plaintiff's initial disclosures, nor was she disclosed as a potential witness in any other documents prior to Plaintiff's response to the motion for summary judgment." *Id*. Plaintiff Astrid Estrada and the eleven (11) other Plaintiffs in this case cannot make the representations to this Court that: (1) they were not aware of Burke as a potential witness, (2) that his name had not been produced in other documents during discovery; and (3) that they were not afforded the opportunity during the discovery period to conduct their own investigation or depose Burke. Plaintiffs' reliance on *Cooley v. Great Southern Wood Preserving*, 138 Fed.Appx 149 (11th Cir.2005) is equally flawed.

**ii. Fed.R.Civ.P. 26(a)(1)(A)(ii) and Request for Production of Documents**

Plaintiffs claim that Deportation Officer Cort Burke's affidavit should be stricken because Defendants failed to make an "initial disclosure" of the document pursuant to Rule 26(a)(1)(A)(ii) and provide a copy in the supplemental responses to a request for production of documents. Fed.R.Civ.P. 26(a)(1)(A)(ii) provides that:

> (a) *In General*. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without waiting a discovery request, provide to the other parties:
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, and may use to support is claims or defenses, unless the use would be solely for impeachment.

Once again, although Defendants did not make initial disclosures pursuant to Rule 26, it would be inequitable to strike Burke's affidavit when Plaintiffs similarly failed to comply with the rule. Moreover, the affidavit was generated in support of Defendants' motion for summary judgment, it was executed on May 20, 2008 and did not exist when the State



PDF created with pdfFactory trial version www.pdffactory.com

responded to Plaintiffs' Request for Production of Documents on March 14, 2007 or supplemented its discovery response on April 18, 2007 and March 10, 2008. Given these undisputable facts, it is disingenuous for Plaintiffs to claim that the Defendants "failed and/or refused" to produce Cort Burke's affidavit during discovery when the document did not exist. Defendants did not violate Fed.R.Civ.P 34. Moreover, any failure to supply the affidavit under Rule 26 is harmless as Plaintiffs had timely knowledge of Cort Burke and did not avail themselves of the opportunity to conduct their own investigation or depose him.

## IV. CONCLUSION

To strike the affidavit of Cort Burke would be inequitable. Moreover, any lack of formal disclosure of Burke's name is harmless as Plaintiffs had timely knowledge that he was a person "likely to have discoverable information" and did not avail themselves of the opportunity to conduct their own investigation or deposition. Wherefore, Defendants pray the Plaintiffs' Motion to Strike Deportation Officer Cort Burke's affidavit is denied.



PDF created with pdfFactory trial version www.pdffactory.com

Respectfully Submitted,

DEFENDANTS

By their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 17th of July, 2008, to the attorney(s) of record listed below:

V. Edward Formisano, Esq.
edf@sfclaw.com

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com