UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ASTRID G. ESTRADA, WENDY M. ESTRADA, GUILFREDO E. MUNOZ, JOSE A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ, and ELSA HERNANDEZ VILAVICENCIO,**
**Plaintiffs**

v. **C.A. No.:07-10ML**

**STATE OF RHODE ISLAND,** State Police Department, **STEVEN M. PARE,** individually and in his official capacity as Superintendent of the Rhode Island State Police, **THOMAS CHABOT,** individually and in his official capacity as a state trooper employed by the State of Rhode Island, **JANE DOE,** individually and in her official capacity as a state trooper employed by the State of Rhode Island,
**Defendants**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO THE DEFENDANT STATE OF RHODE ISLAND**

## I. Introduction

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant State of Rhode Island produce the following documents and things for inspection and copying at the office of **SINAPI, FORMISANO & COMPANY, LTD.**, 100 Midway Place, Suite 1, Cranston, Rhode Island 02920, on or before thirty (30) days following service of the within Request for Production.

## II. Definitions

For the purpose of this Document Production Request and responses thereto, the following definitions shall apply:

A. "Document" is to be construed in its broadest sense under Rule 34, including, without limitation, all picture, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or copies of other preliminary material which is

different in any way from the executed or final document, and any paper or other writing and any item of graphic material whatsoever, however recorded or reproduced.

B. "Relating to" means containing, embodying, referring to, or in anyway pertaining or relating to the substance of the particular matter being inquired of.

C. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, or office, or any other form of legal entity.

D. "You" and "your" shall mean the plural as well as the singular and is defined as meaning the individual or entity which is the subject of this request, or any person or entity acting under such individual's or entity's direction or control.

E. "Communication," unless otherwise modified, means both verbal communication and communication by document.

F. For any requested document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege.

## III. Documents Requested

1. Produce copies of any and all reports, statements, records, diagrams, photographs, video or tape recordings, and maps, whether taken before, after, or during the incident (the word "incident" as hereinafter used shall refer to any and all matters alleged in Plaintiffs' Complaint and/or Defendants' defenses thereto and any damages flowing therefrom), or any other documents of any kind relating to the stop and search of the Plaintiffs on or about July 11, 2006, including, but not limited to, any investigation(s) of the incident with regard to the conduct of the Plaintiffs or any Rhode Island State Police Department member who was present at the scene of the incident or in any way involved in the incident, including the following:

   (a) statements and/or interviews of witnesses, police officers and/or other persons who had any contact or involvement with the incident occurring on July 11, 2006;

   (b) each and every police report, including internal investigations by the Rhode Island State Police Department ("Department") made on or subsequent to July 11, 2006. "Department" as used in this Request includes any person, body, or entity acting under or pursuant to said Department's authority, direction, or control; and,

   (c) each and every incident report relating to the incident occurring on July 11, 2006.

2. Each and every document relating to the policies, procedures and/or customs of the Department regarding a traffic violation stop, investigatory stop, and search, seizure and arrest in existence as of the date of the incident.

Plaintiffs,
By their Attorneys,

Dated: February 6, 2007

V. Edward Formisano (#5512)
**American Civil Liberties Union,**
**Rhode Island Affiliate**
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690
(401)943-9040 (facsimile)

**CERTIFICATION**

To: James Lee, Chief, Civil Division
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that the within document was caused to be served or mailed, postage prepaid, to the above-cited attorney of record on this 6 day of February, 2007.