**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ASTRID G. ESTRADA, WENDY M. ESTRADA GUILFREDO E. MUNOZ, JOES A. AQUINO, CRUZ F. RIVERA, CARLOS E. TAMUP, JOSE BURGOS, ABELINO M. URIZAR, ISRAEL TEBALAN, ROLANDO NORIEGA, BORIS R. CRUZ and ELSA HERNANDEZ VILA VICENCIO** | : | |
| **V.** | : | **C.A. No.: 07-10ML** |
| **STATE OF RHODE ISLAND, State Police Department, STEVEN M. PARÉ, individually and in his official capacity as Superintendent of the Rhode Island State Police, THOMAS CHABOT, individually and in his official capacity as a state trooper employed by the State of Rhode Island, JANE DOE, individually and in her official capacity as a state trooper employed by the State of Rhode Island** | : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Now come the Defendants and file this reply to Plaintiffs' objection to the motion for summary judgment. In order to avoid unnecessary repetition, Defendants also rely upon the arguments set forth in their memoranda submitted in support of their motion for summary judgment and in objection to Plaintiffs' motion for partial summary judgment. Documents 35 and 42. The Plaintiffs' analysis of the case and certain recitation of the facts set forth in their opposition memorandum are fatally flawed. For the reasons set forth in their multiple filings, the Defendants pray that this Honorable Court grant them judgment as a matter of law.

PDF created with pdfFactory trial version www.pdffactory.com

## II. ARGUMENT

### A. Plaintiffs' Argument that the Can Maintain their 42 U.S.C. §1983 Claims Against the State of Rhode Island, Colonel Pare in His Official Capacity and Trooper Chabot in his Official Capacity is Fatally Flawed.

Plaintiffs erroneously contend that they may proceed against the State of Rhode Island, Superintendent Pare in his official capacity and Trooper Chabot in his official capacity under 42 U.S.C §1983 because they seek declaratory and injunctive relief. In support of this contention, Plaintiffs refer this Court to the dissent in ***Will v. Michigan***, 491 U.S. 58, 89-90, 109 S.Ct. 2304, ____ (1998).

It is well established by ***Will v. Michigan*** and its progeny that a state and its employees sued in their official capacities are not "persons" for purposes of 42 U.S.C. §1983 and, therefore a suit for damages cannot lie. Plaintiffs do not appear to dispute that they are prohibited from proceeding against the State of Rode Island, Superintendent Pare in his official capacity and Trooper Chabot in his official capacity for money damages. However, what Plaintiffs fail to recognize is that they are prohibited from pursuing claims against the State, Superintendent Pare in his official capacity and Trooper Chabot in his official capacity for purposes of obtaining a declaration that their rights were violated on July 11, 2006. *See* *Bilida v. McCleod*, 211 F.3d 166, 171 n.4 (1st Cir.2000)("Nor can officers be sued in their official capacities for the relief sought here: damages and a declaration regarding past violations of law.")(citations omitted); *See also* *Wiggins v. State of Rhode Island, State Police, et als.*, 326 F.Supp.2d 297, 302 (D.R.I. 2004)("To the extent that Plaintiff seeks damages or declaratory relief against the State or its police officers in their official capacities pursuant to section 1983, summary judgment is therefore appropriate.")



PDF created with pdfFactory trial version www.pdffactory.com

Defendants acknowledge that when seeking injunctive relief against a state or its employees in their official capacities, suit may be maintained under 42 U.S.C. §1983. *Will*, 491 U.S. at 71, 109 S.Ct. at 2312. *See also* *Wiggins*, 326 F.Supp2d at 302. However, in this case, Plaintiffs' Complaint is devoid of any request for injunctive relief. Wherefore, Counts Two and Three against the State of Rhode Island, Superintendent Pare in his official capacity and Trooper Thomas Chabot in his official capacity must fail.

**B. There Does Not Exist a Dispute of Material Facts that Would Defeat Defendants' Motion for Summary Judgment.**

The Plaintiffs attempt to "muddy the waters" as to the timing of their interactions with Trooper Chabot in order to avoid summary judgment. See, Document 44 p.9, fn8 by way of example. Plaintiffs erroneously claim that Defendants' reliance on the videotape is "misplaced" as it is incomplete. Document 44, p.5 fn5. There is no allegation that the videotape was doctored or altered in any way. The reason the entire stop was not captured on the videotape is merely because the tape ran out during the encounter; there is no suggestion or evidence to the contrary. *See* Supplemental Exhibit M: Chabot's depo, p. 37.

The Defendants rely on the videotape for merely what it depicts, among other things, that Plaintiff Tamup was informed of the reason for his stop, questions were asked of him, Trooper Chabot went to the passenger side of the van, opened a door and did inquire of the passengers for identification and the name and date of birth of the front passenger all before returning to his cruiser. It is legally permissible for this Court to review the summary judgment motions and rely on the videotape despite the fact that it contradicts several of the Plaintiffs' versions of events. *See* *Scott v. Harris*, 127 S.Ct.



PDF created with pdfFactory trial version www.pdffactory.com

1769, 1774-1776 (2007). The Defendants' reliance on the videotape in support of their motion for summary judgment is clearly not "misplaced".

The Plaintiffs' "version" of the facts and their legal analysis[1] is legally insufficient to defeat summary judgment. Defendants' rely on the arguments set forth in their memorandum of law in support of summary judgment [Document 35] and their memorandum in support of their objection to Plaintiffs' motion for partial summary judgment [Document 42].

**C. Plaintiffs Failed to Allege Sufficient Facts to Support a 42 U.S.C. § 1981 Claim Based on Racial Discrimination.**

In an attempt to avoid summary judgment on the 42 U.S.C §1981 claim, Plaintiffs argue that they are proceeding on a theory of racial animus rather than equal protection. Plaintiffs claim that Trooper Chabot's actions and/or omissions were motivated by race; specifically, that he contacted ICE and questioned the Plaintiffs about their immigration status because he identified them as Hispanics. Document 44 at p.14. The record is absolutely devoid of any evidence or even suggestion that Trooper Chabot was motivated by anything other than a desire to properly do his job.

First, Plaintiffs admit that Trooper Chabot's stop of the van for a motor vehicle violation was proper and justified. Trooper Chabot contacted ICE and inquired into

---

[1] Illustrative of this is Plaintiff reference to ***U.S. v. Edgerton***, 438 F.3d 1043 (10th Cir. 2006) in support of their argument that their constitutional rights were violated when they were stopped on the side of Rte 95. ***Edgerton*** is factually distinguishable. The reason the officer stopped the vehicle in that case was that he was unable to read the temporary registration tag. That lawful reason dissipated when the officer approached the vehicle on foot and could see the temporary registration tag was actually unobstructed and valid. Nevertheless, the officer inspected the undercarriage of the car, issued a warning of violation, questioned the driver and eventually requested and received consent to search the trunk. Contrary to ***Edgerton***, there is no dispute that Trooper Chabot's stop of Plaintiffs' vehicle was appropriate and reasonable suspicion evolved based on the totality of circumstances.



PDF created with pdfFactory trial version www.pdffactory.com

Plaintiffs' immigration status because he had reasonable suspicion of federal immigration violations. *See* Document 35, pp 19-33; Document 42, pp.7-11. There is nothing about Trooper Chabot's actions that raise any inference that he harbored a racial animus or discriminatory intent towards any of the Plaintiffs. *See Wiggins*, 326 F.Supp.2d at 311; *Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 347-48 (1st Cir. 1995)(Although observations that Defendant Domina "had a negative tone in her voice," was "unfriendly," "uncooperative," "high strung," "impolite'" "impatient," and had "no reason" to eject the Plaintiff from McDonald's "may be entirely compatible with a race-based animus, there is simply no foundation for an inference that [Defendant] Domina harbored a racial animus toward [Plaintiff] Alexis or anyone else, absent some probative evidence" to the contrary. Accordingly, summary judgment on the 42 USC §1981 claim was appropriate for Defendant McDonald's and its employee Domina as there was no competent evidence that Plaintiff was intentionally discriminated against on account of her race.)

Based on the lack of evidence to support a finding of racial animus, Trooper Chabot is entitled to judgment as a matter of law on Plaintiffs' 42 U.S.C. §1981 claim or, at the very least, qualified immunity.

## III. CONCLUSION

The Defendants' submit that the "undisputed" facts of this case demonstrate that they are entitled to judgment as a matter of law. The Plaintiffs fail to state a claim against the State of Rhode Island, Superintendent Pare in his official capacity and Trooper Chabot in his official capacity under 42 U.S.C. §1983. The record is devoid of any evidence of negligent supervision or training by the State of Rhode Island or



PDF created with pdfFactory trial version www.pdffactory.com

Superintendent Pare. The Plaintiffs' §1983 claims against Trooper Chabot in his individual capacity should be dismissed because no constitutional violation ahs been established and/or qualified immunity bars the progression of this suit. The existence of reasonable suspicion and/or qualified immunity compel a dismissal of the state tort claims. Lastly, there is absolutely no evidence of racial animus that would support a discrimination claim under 42 U.S.C. §§1981 or 1983. Wherefore, the defendants pray that their motion for summary judgment is granted.

Respectfully Submitted,

DEFENDANTS

By their Attorneys,

PATRICK C. LYNCH

ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (5184)
Assistant Attorney General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov



PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 4th of August 2008, to the attorney(s) of record listed below:

V. Edward Formisano, Esq.
edf@sfclaw.com

/s/ Brenda D. Baum



PDF created with pdfFactory trial version www.pdffactory.com